FRIEDA F. MORRIS, Plaintiff, *v.* 19 WEST 84TH STREET CORP. et al., Defendants.

Supreme Court, Special Term, New York County, December 20, 1944.

*T. E. Purcell* for plaintiff.

*I. William Garfield* for 19 West 84th Street Corp., defendant.

*Ignatius M. Wilkinson, Corporation Counsel (James Hurley* of counsel), for William Wilson, as Commissioner of Housing and Buildings of the City of New York, defendant.

PECORA, J.   Motion for a temporary injunction is denied. Plaintiff seeks to restrain the corporate defendant from bringing any proceedings to remove plaintiff from premises known as 19 West 84th Street, borough of Manhattan.   In addition, an injunction is sought against the Commissioner of Housing and Buildings of the City of New York to enjoin him from ordering the vacating of the occupants of the premises.   It seems undisputed that the premises are now being operated in violation of section 248 of the Multiple Dwelling Law.   Plaintiff tenant asserts that the lease between her and corporate defendant requires the latter to make the repairs necessary to comply with section 248, while the landlord urges that the responsibility rests with the tenant.   Furthermore it appears that the landlord has already commenced a summary proceeding to recover possession of the premises based on the termination of the lease because of plaintiff's alleged failure to comply with the violations.   A final and complete determination of the liability to make the repairs can be had in that summary pro-

ceeding. There is no necessity, therefore, for enjoining that proceeding. Moreover, the court would not have the power to do so under these circumstances. (Civ. Prac. Act, § 1446; La Vin v. La Vin, 264 App. Div. 887.) Plaintiff has thus shown no clear right to injunctive relief and certainly has failed to establish that irreparable injury may result.

As to the Commissioner of Housing, the motion must be denied. Under the law, both tenant and landlord are responsible for observing the provisions of the Multiple Dwelling Law (§§ 302, 305). The public officer charged with the enforcement of that law can proceed against the owner or tenant. (People ex rel. Williams v. Eno, 134 App. Div. 527.) Since there is no dispute that section 248 of the Multiple Dwelling Law applies to the premises in question, the Commissioner must see that the provisions of that section are complied with. No facts are pleaded or averred which make the decisions in Realty Revenue Corp. v. Wilson (181 Misc. 802, WALTER, J.; 182 Misc. 552, COLLINS, J.) applicable. There the relief sought was predicated upon assertions that plaintiff was unable to obtain materials necessary for making repairs by virtue of Federal regulations respecting the use of materials essential to the prosecution of the war. The Federal prohibition, it was held, would be superimposed on the State requirement, and upon proof that the occupation did not constitute an actual and immediate danger to life or health, an injunction was granted under the peculiar circumstances of that case. No such facts are alleged in the pleadings or affidavits on this motion. The Commissioner of Housing will not, therefore, be restrained from acting pursuant to law. The motion is in all respects denied.