GUARANTY TRUST COMPANY OF NEW YORK, Landlord, Respondent, *v.* IDA M. NELSON, Tenant, Appellant, and "CHARLES" CARPENTER et al., Undertenants, Appellants.

Supreme Court, Appellate Term, First Department, July 10, 1947.

916

*Bernard Buchwald* for appellants.

*Louis Kaplan* and *Rudolph Stand* for respondent.

*Per Curiam.* In this proceeding for dispossession of tenant and undertenants on the ground that the demised premises in a class A fireproof multiple dwelling are being used illegally for single-room occupancy and do not conform with section 248 of the Multiple Dwelling Law, no notice of violation of that section was served by the department of housing and buildings.

For over three years after the expiration of the written lease the tenant continued in possession as a monthly tenant, landlord after the end of each monthly period with knowledge of the alleged illegal use renewing the tenancy. In the circumstances it cannot be said that the tenant has violated a substantial obligation of the tenancy. Nor does it seem tenable that the tenant or subtenants come within the Rent Regulation for Housing in the New York City Defense-Rental Area exception (§ 6, subd. [a], par. [3]; 9 Federal Register 14987), as distinguished from the statutory rule (Civ. Prac. Act, § 1410, subd. 5) — using or permitting a use of the housing accommodations for " an immoral or illegal purpose ".

There is no occupancy for " an immoral or illegal purpose " here. Further it is fair to assume that when these five or more apartments were let to the tenant Nelson a subleasing of the accommodations or units was within the contemplation of the parties, the subtenants or other occupants being thus brought within the protection of the regulation by the amendment of paragraph (1) of subdivision (c) of section 6.

There is a presumption that each department of government will do its duty (22 C. J., Evidence, § 69, pp. 130–134).

Summary proceedings may not be resorted to for every violation of the provisions of the Multiple Dwelling Law. In the event of unlawful occupancy of a multiple dwelling or any part thereof the department may cause such building or such part to be vacated (Multiple Dwelling Law, §§ 302–309) and in cases of prostitution resort to summary proceedings is expressly authorized (§ 350–360).

In *2025 Broadway* v. *Wolf* (187 Misc. 1065, leave to appeal denied by Appellate Division) the proceeding was brought against the tenants of an old law tenement house on the ground that the tenant " is using or permitting a use of the housing accommodations for an illegal purpose and in violation of section 248 of the Multiple Dwelling Law and other laws, renting rooms for single room occupancy " and this court held, in the

light of the provisions of section 261 of the Multiple Dwelling Law declaring an existing emergency, that the landlord was not entitled to possession.

The final order should be reversed, with $30 costs, and final order directed for tenant and undertenants, with costs.

HAMMER, SHIENTAG and EDER, JJ., concur.

Order reversed, etc.