JONAS SHERBAL, Landlord, *v.* ARNOLD EPSTEIN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, April 15, 1948.

*Ira. H. Hurwitz* for landlord.

*William Reich* for tenant.

LORETO, J. Irrespective of whether or not the landlord was responsible for the violation by causing the premises to be occupied by three families for dwelling purposes, when authorized for occupancy by two families, these summary proceedings brought seeking the eviction of one family in order to cure the violation thereby, must fail in view of the tenant's lease with an unexpired term.

In the opinion of the court, the violation in and of itself does not invalidate the lease. Section 231 of the Real Property Law provides that a lease is void where the lessee or occupant of a building or premises shall use and occupy the same or any part thereof for any illegal trade, manufacture or other business. And subdivision 5 of section 1410 of the Civil Practice Act provides that a summary proceeding may be maintained where the demised premises are used or occupied for any illegal trade, manufacture or other business.

The occupancy here of a two-family dwelling by three families in violation of the Multiple Dwelling Law does not constitute a use or occupancy of the premises for any illegal trade, manufacture or other illegal business authorizing the landlord to evict the tenant. Nor may the tenant in possession assert such a violation as a bar to the landlord's right to collect rent. (*941 Park Avenue Corp.* v. *Fried,* 148 Misc. 137; *Central Park Plaza Corp.* v. *Monsky,* 145 Misc. 688; Multiple Dwelling Law, § 260.)

That the landlord has obtained a certificate from the city rent commission permitting the institution of these proceedings is of no avail.

The Legislature, moreover, recognizing the unavoidable prevalence of conditions similar to those present in this case, during the present housing emergency, by section 261 of the Multiple Dwelling Law, added by chapter 880 of the Laws of

1945, amended and extended to July 1, 1949 (L. 1948, ch. 354, eff. March 22, 1948), except in three specific instances within which this petition does not fall, bars the recovery of possession of any old-law tenement or any converted dwelling which fails to comply with the applicable provisions of article 6 or 7 of that statute.

The petition is, therefore, dismissed.