GERTRUDE BAKTER, Landlord, Appellant-Respondent, *v.* NICOLA MIMMO, Tenant, Respondent-Appellant.

Supreme Court, Appellate Term, First Department, July 14, 1949.

*Vincent N. Donatone* for appellant-respondent.

*John B. M. Pennetto* for respondent-appellant.

*Per Curiam.* As shown by the certificate of occupancy, and as provided by New York City Charter (§ 646 and subdivisions) and the provisions of Administrative Code of the City of New York (§ C26–181.0 *et seq.;* § C26–184.0 *et seq.*), the partition by the tenant of the jewelry store and the converting of the rear portion thereof into a dwelling (Multiple Dwelling Law, § 4, subd. 4) and his occupancy thereof as such dwelling constituted an illegal use (*47 East 74th St. Corp.* v. *Simon,* 188 Misc. 885; *Wack* v. *Boutin,* 81 N. Y. S. 2d 281), and furnished grounds for recovery by landlord of possession under Business Rent Law (§ 8, par. [b], cl. [2] ; L. 1945, ch. 314, as amd.). The proceeding being based upon such section, notice to cure the defect was not required (*Fifth Avenue Equities, Inc.,* v. *Kriesberg,* 80 N. Y. S. 2d 455).

The final order to extent appealed from by landlord should be reversed, with $30 costs and final order directed in favor of landlord as prayed for in the petition, with costs. Appeal by tenant dismissed.

HAMMER, HOFSTADTER and EDER, JJ., concur.

Final order reversed, etc.