2 WEST 32ND ST. CORPORATION, Landlord, Appellant, *v.* JACOB LEVINE et al., Individually and as Copartners Doing Business as JUDY LINGERIE Co., et al., Tenants, Respondents, and " JOHN DOE " et al., Undertenants.

2 WEST 32ND ST. CORPORATION, Landlord, Appellant, *v.* CHARLES SUDIKER, Doing Business as SUPERIOR LEATHER GOODS REPAIR SERVICE, Tenant, Respondent, and " JOHN DOE " et al., Undertenants.

2 WEST 32ND ST. CORPORATION, Landlord, Appellant, *v.* JACK ABRAMS, Doing Business as ROXCY LEATHER, Tenant, Respondent, and RANNA HANDBAGS, INC., et al., Undertenants, Respondents.

2 WEST 32ND ST. CORPORATION, Landlord, Appellant, *v.* RUBIN TARGOVNIK, Tenant, Respondent, and " JOHN DOE " et al., Undertenants.

Supreme Court, Appellate Term, First Department, January 18, 1951.

*Irving Brown* and *Abraham K. Kaufman* for appellant.

*Bernard-Berger* for Jack Abrams and another, respondents.

*M. Mortimer Lancet* for Rubin Targovnik, respondent.

HECHT, J. Landlord instituted summary proceedings under subdivision 5 of section 1410 of the Civil Practice Act on the ground that the premises are used by the tenant for illegal manufacture, trade or business. The record shows that for ten years the landlord has continuously let and relet the premises for the purpose of manufacturing ladies' underwear and lingerie. The present lease covered the term February 1, 1949, through January 31, 1951. On April 5, 1950, the department of housing and buildings served a notice of violation that the premises were being used in violation of section 271 of the Labor Law, which provides that factory buildings be equipped with a secondary means of exit. Such exit does not exist in the premises here involved. The court below indicated that the grounds for dismissing the petition were that the landlord expressly leased the premises for manufacturing and allowed the illegal use for ten years.

Subdivision 5 of section 1410 is not limited to a trade or business which is illegal wherever it may appear. It embraces a business declared illegal even under limited circumstances (*Saportes* v. *Hayeck*, 111 Misc. 620). The law prohibits manufacturing in premises not provided with secondary exits. To that extent the business is illegal and subdivision 5 may be availed of by the landlord.

There can be no legal substance to a waiver by the landlord which would result in a continuing breach of a statute adopted for the protection of the public (*Six-Ten Corp.* v. *Oppell*, 186 Misc. 628; *Revon Realty Corp.* v. *Fixler*, 66 N. Y. S. 2d 30). Of course if the tenant wishes to do everything necessary to comply

with the law in order to use the premises for the prescribed purpose, the final order will be withheld pending a reasonable time for the tenant to act and successfully remove the violation (*Glicker* v. *Williams,* N. Y. L. J., June 30, 1950, p. 2292, col. 4). In that case the landlord knew of the violation for at least seven months prior to the institution of the summary proceedings. In *Greenberg* v. *Athens* (N. Y. L. J., April 29, 1949, p. 1541, col. 6, leave to appeal denied by the Appellate Division, N. Y. L. J., June 22, 1949, p. 2221, col. 7) the violation had been placed on the premises before the lease was entered into and the landlord was well aware of the illegality when he rented the space for manufacturing purposes in violation of the statute. The proof showed that compliance could be effected by the landlord expending $1,500. In the circumstances the attempt to oust the tenant for using the premises for an illegal purpose was denied.

In the instant case, while there had been prior lettings for manufacturing purposes, the violation was not filed until after the letting in question. The facts are thus stronger against any question of waiver than in either the *Glicker* or *Greenberg* cases (*supra*). They are similar to those that existed in the *Revon Realty Corp.* case (*supra*).

In *Cooper & Son, Inc.,* v. *Kane* (N. Y. L. J., Nov. 7, 1949, p. 1148, col. 6, leave to appeal denied by the Appellate Division, N. Y. L. J., Dec. 14, 1949, p. 1640, col. 3) the court held that the landlord could not prevent the tenant from complying with the law and for that reason denied the application by the landlord for a final order. And this was so even though the lease provided that the landlord did not represent that the use provided for in the lease was a proper one under the certificate of occupancy. It was shown there that the changes which the tenant offered to make would be acceptable to the department of housing and buildings. No question of waiver was presented in that case.

The case of *Sol Apfel, Inc.* v. *Kocher* (61 N. Y. S. 2d 508, affd. 272 App. Div. 758) is not inconsistent with these views. That was a summary proceeding treated by the court as based on a breach of the provision of the lease that a tenant would not use the premises in violation of the certificate of occupancy, and if a city department found such a violation, a continuation of the use, after notice from the landlord, would permit the landlord to terminate the lease. The court pointed out that the landlord refused to co-operate with the tenant in amending the certificate

of occupancy in a manner which the department of housing and buildings indicated would be satisfactory and which would allow the intended use of the premises. Further, there had been no violation filed by the department at the time of the summary proceedings which the court held was a necessary prerequisite to termination of the lease. On these facts it was perfectly proper to hold that the landlord had waived its right under the lease. The affirmance by the Appellate Division without opinion, therefore, is not conclusive on the question of whether the landlord had waived his right to vacate the tenant by consenting to the prohibited use of the premises and cannot be considered as overruling the decision of this court in the *Revon* case (*supra*).

In view of the state of the record in the court below, which consisted solely of the provisions of the lease and the concession by counsel of the length of use of the premises, it seems to me that a new trial be had for a full development of the facts.

The final orders should be reversed and new trials ordered, with $30 costs to appellant to abide the event, as of one appeal.

EDER, J. (dissenting). This is an appeal by the landlord, in four cases, from a final order in favor of each tenant, dismissing the petition on the merits, based on the petition and the concessions on record.

As the same questions are involved in each proceeding, they were heard as one case.

Each of the tenants entered into possession pursuant to the terms of a written lease, for a legal use, i.e., manufacture and repairs. The facts are not in dispute. The tenancy was renewed from time to time. The landlord now seeks to evict each tenant upon the ground that (so it is claimed by the landlord) the tenant in each instance occupies and uses the premises in violation of section 271 of the Labor Law, (a) in that the demised premises do not have a secondary means of exit, and, (b) the demised space does not have a proper legal secondary exit.

The court below held that by reason of the letting for the purpose used, and continued renewal of the leases, the landlord could not maintain the proceeding.

The landlord contends that its successive renewals of respondents' leases over a considerable period of time do not prevent it from maintaining these summary proceedings even though such leases permitted such illegal use, and makes the contention that the use by respondents of their respective spaces for manufacturing purposes in violation of section 271 of the Labor Law

constitutes an illegal use of such space, and that the proceedings herein are therefore properly instituted and authorized by subdivision 5 of section 1410 of the Civil Practice Act.

Section 1410 is entitled " *When tenant may be removed* ", and provides that a tenant may be removed — " 5. Where the demised premises, or any part thereof, are used or occupied * * * for any *illegal* trade or manufacture, or other illegal business." (Italics mine.)

Tenant Levine is engaged in the manufacture of ladies' underwear and lingerie; Targovnik manufactures umbrellas; Abrams is engaged in repairing leather goods, and so is Sudiker.

Each is a *lawful* vocation; consequently, subdivision 5 of section 1410 is without application, and the court below should also have dismissed each proceeding on that ground.

But assuming, *arguendo,* that (nothing else operating as a bar) the proceeding was maintainable under subdivision 5 of section 1410, nonetheless, the court properly rendered a final order in favor of each tenant, dismissing the petition.

The landlord expressly rented out, to each tenant, the demised space, for the very use specified in the lease, knowing this was a factory building, and, with successive renewals, and only found cause to seek their eviction when brought to account by a notice of violation served upon it by the department of housing and buildings that proper exits were not there; that there was lacking the two separate exits required by section 271 of the Labor Law.

The court below took the position that the landlord could not, in the situation disclosed, maintain these proceedings. It is a correct ruling, in my opinion, and the landlord, having consented to the use intended, is bound thereby, has waived any right to object and is estopped from seeking the eviction of the tenants upon the ground sought.

The cases cited in appellant's brief, *Per Curiam* decisions of this court, cannot be regarded as controlling. The memorandum opinions do not indicate whether leases were involved; the statement that the landlord's consent is not controlling or does not constitute a waiver barring the maintenance of a summary proceeding is a rather cursory one, and is in conflict with an opposite ruling in *Sol Apfel, Inc.* v. *Kocher* (61 N. Y. S. 2d 508, affd. 272 App. Div. 758) and which ruling having been affirmed by the Appellate Division, is now the governing rule of law upon this point.

As pointed out in that case, insofar as the use of the premises for manufacturing is concerned, the landlord permitted it from the very outset and never objected, and, said the court (p. 512), " This constituted an effective and binding waiver ", barring all right of the landlord to evict the tenants on that ground, and held that " a waiver once given or proved is decisive " (p. 514).

Such is the situation here. The landlord is estopped from asserting as a ground for eviction a cause or condition to which it assented and is precluded from taking any action against the tenant.

In *Cooper & Son, Inc.* v. *Kane* (N. Y. L. J., Nov. 7, 1949, p. 1148, col. 6, leave to appeal denied by Appellate Division, N. Y. L. J., Dec. 14, 1949, p. 1640, col. 3) we had occasion to consider a somewhat like contention, and we affirmed a final order in favor of the tenant, dismissing the landlord's petition.

The final orders appealed from should be affirmed.

SCHREIBER, J., concurs with HECHT, J.; EDER, J., dissents in opinion.

Final orders reversed, etc.