ROSEL STATIONS, INC., Landlord, *v.* HARRY E. JAMES et al., Individually and as Copartners Doing Business under the Name of BOURNONVILLE WELDING & MACHINE Co., Tenants.

Municipal Court of the City of New York, Borough of Manhattan, March 6, 1951.

*Edward Edelman* and *David M. Berger* for landlord.

*Edward F. Rosiny* for tenants.

SILVERMAN, J. This is a summary proceeding by the lessee of the entire building known as 223 West 66th Street, Manhattan, New York City, to evict the statutory tenants of the basement floor in said building. The landlord is proceeding under subdivision 5 of section 1410 of the Civil Practice Act and contends that the use and occupancy of the basement by the tenants is contrary to the use permitted by the certificate of occupancy and is therefore illegal.

The parties stipulated as follows: " The building is located in an unrestricted area. On appropriate application to the Board of Standards and Appeals a variance of the existing certificate of occupancy of the building could, in the discretion of said Board of Standards and Appeals, be granted and no material alteration of the premises would be required in order to meet

the applicable rules and regulations of Municipal departments for such changed use. The landlord herein is unwilling to apply, or to undertake to procure the approval by the owner of the fee of the building to the application, to the Board of Standards and Appeals for such a variance.''

It appears that the tenants' occupancy began in 1936 pursuant to a written lease for one year under which the premises were to be occupied '' only for the storage of automobiles and material.'' The following year, a similar lease was executed for a further period of one year, and since the expiration of the latter lease, the tenants have been continuously, and still are, in possession of said basement premises and have been using the premises for purposes permitted by the lease. The petitioner became the lessee of the entire building on November 3, 1950.

The landlord's contention is that the certificate of occupancy, originally issued in 1916 and reissued in 1937, relating to the building of which the demised premises form a part, limits the use thereof to a garage. On November 6, 1950, the landlord wrote to the tenants as follows: '' Your use and occupation of said premises is in violation of fire. regulations and ordinances as well as the legally authorized and permitted use thereof. Accordingly, you are carrying on an illegal business therein and using the same for illegal purposes. Under the circumstances you are hereby required to forthwith vacate said premises and surrender the same to the undersigned. In the event of your failure to so vacate and surrender said premises we shall be compelled to take such proceedings as are available to us to accomplish such result and to recover any and all damages which may be sustained by us as a result of your continued illegal use of the said premises.''

In reply thereto, the tenants, by their attorney, answered as follows:

'' I have your letter of November 6, 1950, addressed to my client, Bournonville Welding & Machine Co., with respect to occupancy of the basement of premises 223 West 66th Street, Manhattan, New York City.

'' My client has occupied the said premises for the past 14 years.

'' Your statement to the effect that my client is ' carrying on an illegal business therein and using the same for illegal purposes ' is wholly untrue and nonsensical, as the said premises are being used by my client solely for storage purposes. Furthermore, my client is unaware of the existence of any violation

of any governmental department arising by reason of its occupancy or use of the premises. If any such violation exists, I would suggest that you advise me thereof. Under the circumstances, please be advised that my client has no intention of vacating the said premises.''

Paragraph 9 of the landlord's petition alleges:

'' Nine: that said tenants so use and occupy said premises for illegal purposes and have carried on an illegal business therein so that (a) they have accumulated in said basement premises metal pipes, various iron parts, scrap iron, wire, cables, old automobile frames, boiler parts, boiler tubes and other various items of metal and wood products in large quantities, which accumulated parts as hereinabove described are strewn about substantially all of the space in said basement premises; (b) Such accumulation of articles aforesaid has blocked and eliminated all passageways and aisles through said premises and constitutes, and is in violation of municipal ordinances and the rules and regulations of the Fire Department of the City of New York; (c) The continued use and occupancy of said basement premises by the tenants herein for the purposes aforesaid was and still is in violation of the lawfully permitted use of said premises.''

It appears that no violations by any city or State department have been filed against the premises and the proof adduced at the trial fails to substantiate the landlord's contention that the materials stored in the basement by the tenants are '' strewn about substantially all of the space in said basement premises,'' as alleged in clause (a) of paragraph 9 of the petition, or that '' such accumulation of articles aforesaid has blocked and eliminated all passageways and aisles through said premises,'' etc. as alleged in clause (b) of paragraph 9 of the petition.

The real issue between the parties is: Does the use of the basement for storage purposes create an illegal purpose within the meaning of subdivision (b) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) to such an extent that the landlord may evict the tenants under subdivision 5 of section 1410 of the Civil Practice Act?

It should be borne in mind that the tenants have occupied these premises for commercial purposes for almost fifteen years and it was stipulated '' that no violation of record exists to the present use and occupation of the building or any part thereof.'' Nor was there any testimony that any violation had been filed by any city or State department because of the tenants' use of the premises during its occupancy thereof. The lease provided

that the premises be used for the storage of automobiles and material; surely, an innocuous use. Such use did not interfere with the health, safety, welfare or morals of the other tenants or the public. The certificate of occupancy provided for the use of the premises as a garage. There does not appear to be anything inconsistent with such use in permitting the basement to be used for the storage of automobiles and materials, and if there is any slight inconsistency, it is so meager as to be inconsequential.

The landlord, in order to substantiate its position that the tenants' use of the premises is an illegal one, has referred to subdivisions (a) and (g) of section 646 of the New York City Charter; the following sections of the Administrative Code of the City of New York: C26–181.0, C26–184.0 C26–185.0, C26–301.0 and C26–303.0; section 272 of the Labor Law, and section 231 of the Real Property Law, and has also cited numerous cases in its brief. The cases cited are all distinguishable in that the occupancy of the premises in those cases was in violation of the Tenement House Laws, Multiple Dwelling Laws, Labor Laws or zoning laws. In no instance has the court been referred to a case involving a so-called violation of the certificate of occupancy similar to that relied upon in this proceeding. Moreover, even if the alleged use of the premises by the tenants herein was held to be a substantial variation of the use permitted by the certificate of occupancy, a careful examination of the provisions of law referred to above will show, in my opinion, that no basis exists for the institution of a summary proceeding under the existing statutes.

An examination of the cases in which eviction has been granted because the occupancy has been deemed unlawful or illegal and not authorized by the certificate of occupancy, will reveal that in all such cases the occupancy was illegal because positive statutory law dealing with the health, morals, welfare or safety of the public was violated; the illegality resting not on violation of the provisions of the certificate of occupancy but on violation of the Labor Law, Tenement House Law, Multiple Dwelling Law, zoning law or Penal Law. The provisions of subdivision 5 of section 1410 of the Civil Practice Act in express terms deal with acts that are criminal in nature or designated as " illegal trade or manufacture, or other illegal business." Under section 231 of the Real Property Law, occupancy for any illegal trade, manufacture or other business voids the lease and subdivision 2 thereof imposes certain liabilities on the parties to such a lease.

Can it be said that the tenancy here involved is void under section 231 of the Real Property Law and the parties subject to the penalties provided for therein? I think not. Then again, it should be remembered that a statutory tenant is entitled to the protection accorded by the Commercial Rent Law and is only to be deprived of the protection of that law in the event that it is using the premises for an illegal purpose. (Commercial Rent Law, § 8, subd. [b].) In my opinion, the tenants' use of the premises does not constitute such an illegal purpose as to deprive them of the protection of the emergency rent control law. (*Guaranty Trust Co.* v. *Nelson*, 189 Misc. 915; *Sherbal* v. *Epstein*, 191 Misc. 543; *Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70; *Broadway Sheridan Arms* v. *Phillips* 194 Misc. 35, 39; *East Riv. Sav. Bank* v. *Flame Realty Corp.*, 67 N. Y. S. 2d 440.)

The petition is dismissed.