AL-EL CORPORATION, Landlord, *v.* LOUIS RAPAPORT et al., Copartners Doing Business under the Name of RAPSON FROCKS, Tenants, and RAPAPORT DRESS Co. et al., Undertenants.

Municipal Court of the City of New York, Borough of Manhattan, January 28, 1953.

*Edward F. Keenan* and *Francis J. Sypher* for landlord.

*Samuel Goldberg* for tenants and undertenants.

STARKE, J. This is a summary proceeding to dispossess a statutory tenant from business space, brought under subdivision 5 of section 1410 of the Civil Practice Act and paragraph (2) of subdivision (b) of section 8 of the Business Rent Law of the State of New York (L. 1945, ch. 314, as amd.). The landlord contends that the leased space is being and has been continuously used and occupied for illegal purposes and for illegal manufacturing in contravention of (1) section 270 of the Labor Law and, (2) in contravention of the certificate of occupancy, and accordingly, of section C26–185.0 of the Administrative Code of City of New York.

There is no record of any violation on the premises by the department of housing and buildings, or by any department of the city or State. The tenants for upwards of seven years have

done manufacturing of clothing on the demised premises. They are at present statutory tenants, the leases having expired on January 31, 1948.

Under paragraph 19 of the leases in question, the landlord cannot dispossess the tenants unless it shows both a violation of the certificate of occupancy *and* that a city or State department has contended or declared that the demised premises are used for a purpose in violation of such certificate of occupancy. So the Appellate Division, First Department, held (272 App. Div. 758) in affirming *Sol Apfel, Inc.,* v. *Kocher* (61 N. Y. S. 2d 508) where the court construed the same paragraph. The court held it was incumbent for the landlord to show that both conditions exist. Furthermore, paragraph 19 requires, as a condition precedent to bringing the proceeding, that the landlord shall give five days' written notice to discontinue such use of the premises, and no such notice has been given in this case. (*Harvard Agency Co.* v. *Brandisi,* 66 N. Y. S. 2d 136; *89–09 Sutphin Corp.* v. *Scarinzi,* 187 Misc. 536; *Volga Estates* v. *Knight,* 75 N. Y. S. 2d 209.)

The landlord asserts that it is not proceeding under the theory of a violation of a substantial obligation of the tenancy and argues seriously and strenuously that paragraph 19 is not applicable and is not projected into a statutory tenancy. This contention is untenable. (*Cecere* v. *Rosenthal,* 90 N. Y. S. 2d 243; *Barrow Realty Corp.* v. *Village Brewery Restaurant,* 272 App. Div. 262; *Klipack* v. *Raymar Novelties,* 273 App. Div. 54; *Lewittes & Sons* v. *Spielman,* 190 Misc. 35; *130 West 57 Corp.* v. *Hyman,* 188 Misc. 92; *Gross* v. *Libby Properties,* 72 N. Y. S. 2d 918; *Leibowitz* v. *18 E. 41 St. Corp.,* 89 N. Y. S. 2d 160.)

Furthermore, this proceeding cannot be maintained because there has been no violation filed by the department of housing and buildings or by any city or State department and no one in authority is disturbing tenants in their present use of their premises. (*2 West 32nd St. Corp.* v. *Levine,* 199 Misc. 1020; *Sol Apfel, Inc.,* v. *Kocher, supra; Skyway-Ninth Ave.* v. *Hall,* 85 N. Y. S. 2d 720, 721; *Rosel Stations* v. *James,* 200 Misc. 526.) The landlord contends that there is no need for any city or State department to place a violation on the building, but that he could offer testimony that the building did not comply with section 270 *et seq.* of the Labor Law of the State of New York. This argument has no merit. The landlord cannot arrogate this position unto itself. The Legislature has invested the department of housing and buildings as a subordinate body of the city government with powers to investigate whether the

demised premises are used in such a manner as to constitute a menace to safety, health and welfare of the public and determine whether such use should be discontinued. (*Hoffman* v. *Fradd*, 130 Misc. 667, affd. 224 App. Div. 717; *Lazarowitz* v. *Kazan*, 122 Misc. 202; *Guaranty Trust Co.* v. *Nelson*, 189 Misc. 915; *United States Trust Co.* v. *Blake*, 234 N. Y. 273, 280, 281; *Morris* v. *19 W. 84 St. Corp.*, 183 Misc. 988; *Matter of City of New York* [*191 E. Houston St. Realty Corp.*], 194 Misc. 124.) Even after the department of housing and buildings files a violation and seeks the discontinuance of the use of the said premises, the tenant or the landlord is given the right to resort to our courts to protest the ruling. (*Fire Dept. of City of N. Y.* v. *Gilmour*, 149 N. Y. 453, 459.) And the tenant is entitled to a reasonable opportunity to remedy the condition by either desisting from the unlawful use or curing the violation. (*Castles* v. *Rovenger*, 211 App. Div. 356; *East Riv. Sav. Bank* v. *Flame*, 67 N. Y. S. 2d 440, 441; *Bakst* v. *Martinez*, N. Y. L. J., Dec. 13, 1946, p. 1725, col. 3; *Mortiren Realty Corp.* v. *Clark*, N. Y. L. J., Jan. 20, 1950, p. 251, col. 5; *Cooper & Sons* v. *Kane*, N. Y. L. J., Nov. 7, 1949, p. 1148, col. 6; *Tinker* v. *Chappellier*, N. Y. L. J., July 15, 1949, p. 86, col. 5; *Greenberg* v. *Athens*, N. Y. L. J., May 20, 1949, p. 1812, col. 6; *Glicker* v. *Williams*, N. Y. L. J., June 30, 1950, p. 2292, col. 4; *2 W. 32 St. Corp.* v. *Levine, supra*.)

It is true that the lease provides in paragraph 2 that " the tenant shall use and occupy demised premises for the sale of ready-to-wear and for no other purpose." However, the evidence shows that the landlord had knowledge and notice that the tenants have continuously used the premises for manufacturing. It permitted the installation of machines, about seven years ago, together with the necessary electrical work and gas company connections. The landlord's representatives and agents as well as the superintendent of the building have visited and inspected the premises and saw manufacturing being done there during this seven-year period. Several other tenants in the building have been continuously and are now engaged in manufacturing.

The landlord contends that there can be no waiver or estoppel where the premises are being unlawfully used for manufacturing (even though no violation has been placed on the premises by any city or State department) and relies upon *2 West 32 St. Corp.* v. *Levine* (*supra*); *Kennedy* v. *Nelson* (70 N. Y. S. 2d 211); *Revon Realty Corp.* v. *Fixler* (66 N. Y. S. 2d 30); *Bakter* v. *Mimmo* (196 Misc. 245), and *Fifth Ave. Equities* v.

*Kriesberg* (80 N. Y. S. 2d 455). In the dissenting opinion by Mr. Justice EDER in *2 West 32 St. Corp.* v. *Levine* (*supra*), he pointed out that the Appellate Division, in *Sol Apfel, Inc.,* v. *Kocher* (*supra*), held that the waiver by the landlord, insofar as the use of the premises for manufacturing was concerned, was an effective and binding waiver.

On the question of waiver, it appears that the last case is *Parisi* v. *Nagler* (N. Y. L. J., May 2, 1952, p. 1766, col. 3), wherein the Appellate Term, First Department, unanimously affirmed a final order for the tenant, dismissing the landlord's petition on the merits. It is to be specially noted that in that case the department of housing and buildings *did* place a violation on the premises for being used for manufacturing purposes and the landlord did give notice to the tenant demanding that he cure the violation.

It is conceded that the manufacturing of clothing as such is not unlawful. Can a landlord, who shuts his eyes to the fact that the tenant has continuously engaged in manufacturing for seven years, suddenly wake up and come into court, claiming '' clean hands '' and ask the court to evict a tenant, without showing that he faces any imminent threat or prosecution by any public authority and, in fact, does not show that there is even a violation by any city or State department? Assuming a violation had been filed, the tenant would be no greater a culprit than the landlord, and, as between the two, equitable principles and justice would appear to favor the tenant on the facts in this case.

For the foregoing reasons, this court finds a final order in favor of the tenant, dismissing the landlord's petition on the merits.