TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant, *v.* MARGARET ROGALLY et al., Doing Business as ACADEMY UNIFORM COMPANY, Respondents.

First Department, April 7, 1953.

*Edward D. Burns* of counsel (*John Godfrey Saxe* with him on the brief; *Saxe, Bacon, O'Shea & Bryan,* attorneys), for appellant.

*Martin Koeppel* of counsel (*Adolph Koeppel* with him on the brief; *Martin Koeppel,* attorney), for respondents.

*Per Curiam.* After granting several earlier terms to the tenants, the landlord in 1949 renewed a lease for a floor in its building, 67 Barclay Street, for two years to be used for " dressmaking." The tenants continued to occupy the loft as statutory tenants after the expiration of the lease. Because the tenants employed more than five persons in their business, the premises were declared to be a factory by the public authorities, and violations were filed, which would require extensive alterations of the structure if the tenants' use were to be continued. The landlord demanded that the illegal use be ended, or that the tenants vacate, but these demands were ignored. Thereupon summary proceedings were instituted.

The Civil Practice Act (§ 1410, subd. 5) permits eviction where the demised premises are being used for any " illegal trade or manufacture ". The Commercial Rent Law (§ 8, subd. [b]; L. 1945, ch. 3, as amd.) permits eviction where commercial space is being used for an illegal purpose.

We think that " illegal use " in the sense of both statutes would include a use made unlawful by the circumstances of the occupation, such as that occasioned here by the number of people employed by the tenants.

The Municipal Court found that illegal use had been established under these statutes and granted eviction, but the Appellate Term reversed, because it thought that the landlord by leasing for a manufacturing purpose was a party to the illegal use.

We think that the latter ruling was not warranted. The letting was for " dressmaking ". Assuming that this would be considered a permission to manufacture dresses, it was the employment of more than five persons that constituted the premises a factory and the use illegal, and not solely the nature of the business carried on.

Even if we might be inclined to construe a demise for the purpose of dressmaking to include the right to manufacture dresses and to require a landlord within reasonable limits to remove violations so as to permit the designated use during a contractual term, there is no equitable reason to do so where there is merely a statutory possession, and the tenant might vacate immediately after the landlord altered the premises at a substantial expense.

The determination of the Appellate Term should be reversed, with costs to the landlord in all courts, and the final order of the Municipal Court should be reinstated.

BREITEL, J. (dissenting). I dissent on the ground that under the lease authorizing use for dressmaking without limiting the number of employees, landlord was obligated to see that such use would be lawful. Such an obligation was projected into the statutory tenancy. It is difficult to believe that there would be any issue made if the lease were still unexpired. There is equitable basis too for this conclusion when we consider that tenants have been in occupancy for over sixteen years and conducting the business no differently than they are now.

COHN, J. P., CALLAHAN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents in opinion.

Determination reversed, with costs to the appellant in all courts and the final order of the Municipal Court reinstated. [See *post,* pp. 972, 1029.]