Hoestadter, J.
(dissenting). This tenancy, now statutory, began in 1937 and all the leases, including the last which expired on April 30,1946, provided for use of the premises for ‘ ‘ library service ”. In 1952 by order of the Supreme Court the landlord obtained a rent increase.
It is not disputed that throughout this period the tenant operated his business in substantially the same manner as at the time this proceeding was instituted. The 1951 notice of violation given by the Department of Housing and Buildings merely referred to the use of the various floors of the building as not in conformity with the certificate of occupancy, under which the permitted use of the upper stories was “ Offices ”, and directed discontinuance until a certificate of occupancy for 11 such new use and occupancy ’ ’ was issued by the department. There was no mention of overloading the floor. This violation lay dormant in the department until 1956 and, while there was some testimony on the trial by the building inspector regarding overload, it is significant that the written notice of the landlord to the tenant, the letter of March 20, 1956, refers only to the asserted unlawful use of the premises for the storage of books and makes no mention of load. It is also to be noted that the only outstanding violation is still the 1951 notice, which, as stated, is not for overloading.
In the circumstances, I think the approach of the Trial Justice in manifesting concern for the overload, rather than treating the proceeding as not properly maintainable on that ground, was both sensible and constructive. His various adjournments to give the tenant the opportunity to reduce the load to a point of safety, of which the tenant took advantage by removing a substantial quantity of the books and storing them in the country effected a practical solution. Though the course so adopted may have been unconventional — my brethren say it was not the function of the Judge to correct the condition — I do not think we may lightly dismiss the fact that in reliance on the Judge’s action the tenant made a real change in the situation and put a large, part of his book stock in storage. Moreover, at one stage the landlord evinced at least acquiescence in the proposed course. The Trial Justice appears to have been satisfied that this change had removed the source of possible danger and in the absence of proof that when the petition was dismissed the overload still existed — there is no such proof before the court *417 — it may justifiably be assumed that the Trial Justice found there is no overload. Moreover, there is no proof that the landlord may not on application obtain a new certificate of occupancy for the present use. The 1951 notice of violation under the heading “Remedy”, as already stated, merely directed discontinuance of the use until a certificate for the new use had been issued.
If structural or other alterations were needed to make the present use lawful, the landlord would, of course, be entitled to a final order under Trustees of Columbia Univ. v. Rogally (281 App. Div. 485). The record is, however, barren of proof on that score and, though the landlord now complains of the exclusion of evidence of the cost of structural changes to legalize the occupancy, the record does not bear out its contention. The court seems to have been perfectly willing to receive evidence on the subject but the landlord did not adduce any.
The case then comes to this — at the time of the dismissal of the petition the tenant’s permitted use under the expired lease did not conform to the certificate of occupancy, but, for all that appears to the contrary, this use may be rendered lawful by a new certificate of occupancy to be had on the landlord’s application therefor. This court has held that the nonconformity of the use permitted by the terms of the tenancy with the certificate of occupancy and a notice of violation for such nonconformity will not of themselves justify eviction (Bakst v. Martinez, No. 97 M. C., Nov., 1946; Mortiren Realty Corp. v. Clark, No. 57 M. C., Nov., 1949; Tinker v. Chapellier, No. 23 M. C., June, 1949; Greenberg v. Athens, No. 39 M. C., April, 1949, motion for leave to appeal denied by Appellate Division, N. Y. L. J., June 22, 1949, p. 2221, col. 7; see, also, Parisi v. Nagler, No. 6 M. C., April, 1952, motion for leave to appeal denied by Appellate Division, N. Y. L. J., July 8, 1952, p. 40, col. 7; Rosel Stations v. James, 200 Misc. 526 [Mun. Ct.]; H. Casabianca, Inc., v. Connobbio, 205 Misc. 380 [Mun. Ct.]; Sol Apfel, Inc., v. Kocher, 61 N. Y. S. 2d 508, affd. 272 App. Div. 758). In the light of authority, I think it may safely be said that there is no rigid rule that mere departure from the use stated in the certificate of occupancy, where such use is permitted by the lease or the terms of the tenancy, does not, without more, require eviction notwithstanding a notice of violation. I, therefore, dissent.
Steuer and Aurelio, JJ., concur in Per Curiam opinion; Hofstadter, J., dissents in opinion.
Final order reversed, etc.