Samuel H. Hofstadter, J.
This is a consolidation of an action brought in this court by Rehearsal Centre, Inc. (Rehearsal) against the 89 Building Corporation (89) and Scott and a summary proceeding thereafter brought in the Municipal Court by 89 as landlord against Rehearsal as tenant. In the action Rehearsal sought an injunction against the termination of its lease and in the summary proceeding 89 sought eviction of Rehearsal. Rehearsal discontinued as against Scott during the trial.
In 1950 the fee owners of the corner property 264 West 47th Street and 760 Eighth Avenue, in this city, entered into a long-term lease of the entire premises with Broadway Leasing Corp. (Broadway). In March, 1953 Broadway, as landlord, leased to Rehearsal, as tenant, the entire third floor of the building from May 1, 1953 to April 30, 1958, for use as “ a theatrical rehearsal studio to the extent permitted by law.” Rehearsal *19 entered into possession and has been continnonsly in possession ever since. In October, 1957, 89, through trustees, purchased from Broadway the underlying lease which the trustees shortly thereafter assigned to 89. In the interest of brevity, the transfer of the leasehold will be treated as though Broadway had assigned directly to 89, instead of to the trustees who admittedly were the nominees of 89, and acting for it. Before this transaction was closed, 89 had knowledge of the contents of the Rehearsal lease, and that the use of the third floor therein stated did not conform to that prescribed in the outstanding certificate of occupancy. This certificate, issued May 19, 1952, gave as the use of the third story “ Offices.” It is undisputed that at no time has Rehearsal used the floor occupied by it for offices. After 89 had acquired the leasehold, its architect sent a letter to the department of buildings with respect to the possible violation of the certificate of occupancy. Thereupon the department issued a notice of violation to the effect that parts of the second and the third floors were occupied as studios instead of offices, as stated on the certificate of occupancy. Thereafter, 89 gave Rehearsal notice to discontinue the use in violation of the certificate of occupancy, and on Rehearsal’s failure to comply, gave notice of termination of the tenancy pursuant to the conditional limitation clause of the lease. Thereafter 89 instituted the holdover summary proceeding. Meanwhile Rehearsal had brought its own injunction action already referred to and had also taken steps to procure a certificate of occupancy which would legalize its use of the third floor. Since Rehearsal was not in possession before Broadway leased the floor to it the emergency rent laws do not apply.
Article 17 of the lease provides that the tenant will not use or occupy the premises in violation of the certificate of occupancy and that it will cease any such use within five days after notice; it declares further that the statement of the nature of the business to be conducted by the tenant shall not constitute a representation or guarantee by the landlord that such business is lawful under the certificate of occupancy.
The 1952 certificate of occupancy classifies the building as a Class 3 nonfireproof building, gives as the permissible use and occupancy of the third floor “ Offices ”, and specifies 60 as the total number of persons to be accommodated. The uncontradicted testimony shows that the floor is being used as a dancing school for both adults and children; individual instruction as well as in classes is given there. The children range in age from five or six upwards, and are often accompanied by their parents. This activity is not isolated or sporadic, but has *20 been conducted regularly several times a week for approximately two years by the Raffertys. The proof also establishes that instruction to children is given on other days when the Raffertys are not using the premises. Rehearsal offered no evidence of other use, if any, to which the premises are being put, or of any intended change in their present use.
Reference has been made to Rehearsal’s efforts to secure a new certificate of occupancy. In November, 1957 it filed an application for a new certificate which was disapproved, because the space “ is a school of public use ”, located above the height-limit for such use permitted by the New York City Administrative Code. No effect can be given to the provisional approval, if it may accurately so be termed, of the second or amended application filed by another architect in April, 1958, for this later application is predicated on the misstatement that the third floor is not a place of instruction. This statement is contrary to the fact.
Subdivision a of section C26-235.0 of the Administrative Code classifies structures used for schools or in which persons congregate for education as “ Public buildings.” It was so regarded when Rehearsal’s first application revealing the true nature of the use was disapproved. Under the tabular height-schedule laid down in the Administrative Code, in a Class 3 non-fir epr oof building facing on two streets such as that in which the demised premises are situated, an area in excess of 6,000 square feet is not permitted and there is a limitation of two stories in height. The third floor has an area of 8,000 square feet and the building obviously is more than two stories in height. It follows that Rehearsal’s use of the third floor in this building not alone is unlawful, but that, because of the dimensions and construction of the building, cannot be made lawful. The violation is not capable of correction, and, since it creates a potential danger to life, may not be viewed as minor, or as one to be lightly disregarded. In the circumstances, 89, in seeking to evict, besides expressing its rights under the lease, is complying with a duty put upon it by law (Trustees of Columbia Univ. v. Rogally, 281 App. Div. 485; Chase Nat. Bank of City of N. Y. v. Tawaya, 204 Misc. 246; 2 West 23rd St. Corp. v. Levine, 199 Misc. 1020; Six-Ten Corp. v. Oppell, 186 Misc. 628; Revon Realty Corp. v. Fixler, 66 N. Y. S. 2d 30; see, also, People v. Nelson, 309 N. Y. 231). Rehearsal’s lease came to an end at the expiration of three days from the notice of termination given by 89 and Rehearsal has been holding over since then.
Accordingly 89 is entitled to a final order in its favor against Rehearsal, and Rehearsal’s complaint in its action is dismissed. *21 Rehearsal’s motion for judgment and its motions to strike the testimony of the witnesses Sanders, Susi, Rafferty, Levy and Vogel, and to reopen the trial are respectively denied, with exception to it in each instance. The testimony of Vogel with respect to the Administrative Code has been considered solely within the limitations stated during the trial and not as binding on the court. The foregoing constitutes the decision pursuant to section 440 of the Civil Practice Act.
Settle judgment.