John E. Cone, J.
The Transit Authority, in this consolidated action and article 78 proceeding brought against it, moves for dismissal of the complaint and the petition respectively, upon the ground that said pleadings fail to state a cause of action and on the further ground that the plaintiffs in the action, and the petitioner in the special proceeding, lack standing to maintain their respective suits.
The action brought by plaintiffs is one to enjoin the Transit Authority (hereinafter also referred to as the “ Authority ”) from effecting certain changes in the rapid transit lines scheduled to go into effect the week end of November 26-27,1967. In the article 78 proceeding, the petitioner seeks a judgment prohibiting the Authority from making said changes and directing the Authority to give prior notice of changes to the Board of Estimate as allegedly required under the provisions of the Public Authorities Law.
The plaintiffs’ complaint, as liberally construed, is deemed to allege in the “ first ” of the four causes of action purportedly alleged therein, that the changes made by the Authority included changes in routes as to which the Authority was required, under subdivision 15 of section 1204 of the Public Authorities Law, to give 30 days’ prior notice to the Board of Estimate; and, that in carryng out the changes without first giving such notice, the Authority was acting unlawfully to the ‘ ‘ irreparable damage ” of plaintiffs as “ fare-paying riders and users of the facilities” of the transit system. This cause of action is, in my opinion, the only cause of action stated in the complaint. The allegations in the “ second cause of action ” that the 10-day notice given by the Authority was inadequate and insufficient and that the inadequacy of said notice imperiled the safety of riding public, are conclusory. There is no allegation in the second cause of action that any legal duty, other than that alleged in the first cause of action, rested upon the Authority to give notice; moreover, in the absence of any statutorily expressed requirement to the contrary, the nature and sufficiency of any notice to the public would appear to reside within the administrative discretion of the Authority, with which a court would not normally interfere. Finally, any question as *974 to adequacy of notice and alleged resulting danger to the public, as claimed in the second cause of action, would appear to have been rendered academic and moot by the public’s continuing use of the transit facilities under the changes instituted by the Authority. The “ third ” cause of action also is insufficient at law, for any alleged inconvenience to the public does not in and of itself spell out a cause of action, since inconvenience to some passengers may be presumed to be a concomitant of any changes, lawful or not, that might be effected in the transit system. Similarly, no cause of action is set nut in the alleged fourth cause of action; for, the allegation that the 80-train-an-hour operation through the Chrystie Street Tunnel was not in conformity with proposals theretofore- made by the Authority to the Board of Estimate, does not per se show a violation of any legal duty resting on the Authority, nor does it show wherein plaintiffs are thereby injured.
Turning to the article 78 proceeding, the petitioner therein alleges, as plaintiffs in substance allege in their “ first ” cause of action, that under the provisions of the Public Authorities Law, the Transit Authority was required to give 30 days’ prior notice to the Board of Estimate as to any proposed changes in subway routes and that, in failing to give this notice, the Authority acted arbitrarily and unlawfully, causing substantial inconvenience to the passengers on the Brighton Line, including the petitioner.
The Authority, in contending that the changes which it effected were changes in service generally and did not involve changes in routes, appears to concede that if the changes included changes in routes the omission of a 30-day notice to the Board of Estimate would have been in violation of the requirement imposed by the Public Authorities Law. Thus, we turn to a consideration of the first cause of action in the plaintiffs ’ complaint and the cause of action alleged in the petition. As to these causes of action, a proceeding under article 78 would appear to be the appropriate remedy through which to channel the grievances of the complainants since in such a proceeding a complaining party need not show that he suffered a special injury different from that suffered by the public as a whole (Matter of Policemen’s Benevolent Assn. v. Board of Trustees, 21 A D 2d 693; Matter of McDonough v. Board of Educ., 20 Misc 2d 98; cf. Matter of Werfel v. Fitzgerald, 23 A D 2d 306).
In my opinion, the action brought by plaintiffs herein, unlike the article 78 proceeding of the petitioner, is not one that may properly be brought and is, therefore, dismissable on this ground. However, in view of the consolidation of the action *975 and the article 78 proceeding, I do not believe that the action should be dismissed purely on the basis of the questionable right of the plaintiffs to bring their suit in the form in which it has been brought. In my opinion, the disposition of the motion, as it affects both the plaintiffs and the petitioner, should rest on the merits as revealed by the record and the affidavits submitted on the instant motion to dismiss, even though the motion is addressed to the sufficiency of the pleadings and the standing of the parties to bring their respective suits, and is not one for summary judgment; for it appears that even though there is presented a motion addressed to the sufficiency of the pleadings, made prior to answer, matters dehors the pleading may be considered (Matter of Willcox v. Stern, 44 Misc 2d 827, mod. on other grounds 24 A D 2d 845).
Thus, upon consideration of the record and of the evidentiary facts as revealed by the papers before the court on this motion, I find that neither the plaintiffs nor the petitioner have met the burden of rebutting the substantial evidentiary support for the position taken by the Authority, namely, that the changes which it made did not involve changes in routes as to which notice was required to be given to the Board of Estimate and therefore did not contravene the provisions of the statute. In this connection, it is to be observed that, while the law of the case is not necessarily established by the express finding and determination made by Mr. Justice Ventiera, in denying a prior motion for temporary injunction in this case, namely that the present plan of the Authority is a change in “ train service ” and not a change identical with the construction of new “ routes ” his finding and determination should be accorded considerable weight (Miller v. City of New York, 39 Misc 2d 424; see Zacharias v. Siegel, 7 Misc 2d 58, 61-62; Realty Revenue Corp. v. Wilson, 182 Misc. 552, 554). The plaintiffs and the petitioner, in opposing the instant motion to dismiss, have not satisfactorily shown that their present contention as to alleged changes in routes was based on any alleged factual situation different from that which was presented to Mr. Justice Vertiera at the time he made Ms findings and determination. Since it is concluded that the changes effected by the Authority were not shown to be unlawful, no cause of action is created by any alleged inconvenience caused by such changes for, as has hereinabove been stated, any changes would presumably cause inconvenience to some segments of the riding public, and the court is not empowered to review the judgment of an administrative agency in this respect.
The motion to dismiss the complaint and the petition is accordingly granted.