■ In the Matter of JAEKAS N., a Person Alleged to be a Juvenile Delinquent, Appellant. [955 NYS2d 879]—Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about May 8, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of sexual misconduct and sexual abuse in the second degree, and placed him on enhanced supervision probation for a period of 12 months, unanimously affirmed, without costs.

The court's finding was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations, including its assessment of the victim's delay in reporting the offenses. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.

■ 80 VARICK STREET GROUP, L.P., Respondent, v DONALD MACPHERSON, Appellant. [955 NYS2d 879]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 7, 2012, which, inter alia, granted plaintiff's cross motion for summary judgment on its cause of action for ejectment, unanimously affirmed, without costs.

Defendant's mezzanine was a breach of a substantial obligation of his tenancy that was not waivable in light of both its illegality (*see e.g. 2 W. 32nd St. Corp. v Levine*, 199 Misc 1020, 1021 [App Term, 1st Dept 1951]) and the specific non-waiver clause in the lease which provided that acceptance of rent does not waive a violation.

We have considered defendant's other contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.