ALFRED D. ELSWORTH, Appellant, v. KATHRYN ELSWORTH, Respondent.— The
parties having stipulated in writing that this case may be decided by a court of
four justices, the decision is as follows:  Order denying motion to confirm referee's
report reversed upon the law and the facts, with ten dollars costs and disburse-
ments, and motion to confirm granted, with ten dollars costs.   The learned Special
Term based its decision upon the theory that the testimony of the detectives was
insufficient, in and of itself, to support the conclusion reached by the referee, but
we are of the opinion that upon this record there was sufficient corroboration to
justify the referee's finding.   This corroboration was given by the landlady of the
apartment house in which the defendant resided, as well as by the defendant
and the corespondent themselves.   The reasons advanced by the latter two for
the presence of the corespondent in defendant's apartment were rejected by the
referee, as he was clearly entitled to do upon the testimony.   He had the advantage
of seeing the witnesses, and was, therefore, in the position to credit or discredit
their testimony.   We point out, although unnecessary to this decision, that it is
not a hard and fast rule that a decree of divorce cannot be predicated upon the
unsupported testimony of private detectives.   The latest view of the Court of
Appeals, as evidenced in *Yates* v. *Yates* (211 N. Y. 163) and *McKeon* v. *Van
Slyck* (223 id. 392, 398), is that such theory is not a rule of evidence but is one

for the guidance of the judicial conscience, and that while justices and jurors are justified in looking with suspicion upon such evidence, the Court of Appeals " has not determined as matter of law that such evidence could not be considered," and that " when a trial judge put before a jury *as a rule of law* this caution designed to guide the judicial conscience, we pronounced the ruling error." Manning, Young, Kapper and Lazansky, JJ., concur.