RUTH E. W. SIMONS, Respondent, *v.* HAROLD SIMONS, Appellant.

Third Department, November 14, 1945.

*Coffin, Coffin & Inman,* attorneys· (*George C. Inman* of counsel), for appellant.

*R. Monell Herzberg,* attorney for respondent.

FOSTER, J. Appeal by the defendant from that part of the judgment in this action which dismissed defendant's counterclaim for an absolute divorce upon the ground of adultery.

The alleged corespondent, a self-confessed murderer, testified to acts of intimacy with the plaintiff. The latter denied commission of such acts. The trial court declined to submit the issue of adultery to the jury, apparently on the theory that the testimony of the corespondent was not corroborated, and such was the fact. We can well understand the reluctance on the part of the trial court to submit such an issue to a jury upon the uncorroborated testimony of one who was not only a murderer but also below par mentally. Nevertheless, we are constrained to the belief that the action of the trial court, in assuming to hold the testimony of the corespondent unworthy of belief, was erroneous as a matter of law, and usurped the function of the jury.

There is no statutory requirement that the testimony of a corespondent in an action for divorce on the ground of adultery

must be corroborated.. Nor do we find any case law to that effect. The rule that divorces will not be granted by default solely upon the uncorroborated testimony of detectives and prostitutes is not strictly a rule of evidence but merely a rule for the guidance of judicial conscience in uncontested cases. It is not followed as a matter of law in litigated cases where a jury is present to pass upon the issues of fact under proper instructions (*Yates* v. *Yates*, 211 N. Y. 163; *McKeon* v. *Van Slyck*, 223 N. Y. 392; *Elsworth* v. *Elsworth*, 221 App. Div. 875).

We find no authoritative case dealing with the necessity for corroboration of the testimony of a corespondent in divorce cases but we think that in a litigated case the necessity for such corroboration is no greater than if the sole evidence was furnished by a detective or prostitute.

In the absence of any statutory requirement it should also be noted that even in a criminal trial, prior to the enactment of section 399 of the Code of Criminal Procedure, a defendant might have been convicted on the testimony of an accomplice alone (*Stape* v. *People of the State of New York*, 85 N. Y. 390; *People* v. *Everhardt*, 104 N. Y. 591).

Another issue is also presented on this appeal. Respondent signed a written statement in the presence of the District Attorney which tended, so it is claimed by appellant, to show undue intimacy with the corespondent. This statement was excluded on the ground that respondent's constitutional rights were violated since at the time she signed the statement she was under a charge of murder and was not represented by counsel. We are unable to sustain this ruling. The test is whether the statement was made freely and voluntarily or under duress and coercion. This may present an issue of fact to be determined by a jury, but in any event the ruling that respondent's constitutional rights were violated so as to render the statement inadmissible is not supported by the facts or the law.

The judgment should be modified, without costs, by reversing so much thereof as dismissed the counterclaim, and granting a new trial with relation thereto.

All concur.

Judgment modified, without costs, on the law and facts, by reversing so much thereof as dismissed the counterclaim, and granting a new trial with relation thereto.