Memorandum bt the Court. Appellant has appealed from a judgment of the Columbia County Trial Term of the Supreme Court granting defendant a judgment of divorce on his counterclaim and also from an order of the Greene County Special Term of the Supreme Court denying her application for a new trial on the ground of newly discovered evidence.
The action was instituted by plaintiff for divorce on the ground of adultery. Defendant counterclaimed for like relief charging plaintiff with adultery. The case has been tried twice. At the close of all the evidence on the first tria] the presiding judge dismissed the complaint and the counterclaim. Defendant appealed from the judgment dismissing his counterclaim but plaintiff did not appeal. This court (270 App. Div. 88) reversed the judgment insofar as it dismissed the counterclaim and granted a new trial on that issue.
On the second trial which we are now reviewing the jury rendered a verdict in defendant’s favor and from that judgment plaintiff has appealed and also from the order denying her application for a new trial.
*838 The verdict of the jury is amply supported by the evidence and no error appears in the record. The Trial Judge properly denied appellant’s application for a new trial on-the ground of newly discovered evidence.
The jury found that appellant committed adultery with one Decker. Decker had murdered appellant’s mother-in-law because she discovered Decker and appellant in the commission of adultery. Later he was convicted of murder in the second degree. On the present trial Decker was the principal witness for defendant. Appellant and her counsel knew that Decker had been examined by two psychiatrists and that he was a person of weak intellect. It is appellant’s argument that that evidence should have been submitted to the jury. The judge who presided at the murder trial also presided on the second trial of the divorce action. Appellant, her counsel and the Trial Justice were very familiar with the result of the examination made-by the psychiatrists. Appellant made no effort to have that evidence produced before the jury. A subpoena would have accomplished that purpose. Then too Decker appeared before the jury and gave testimony. He was cross examined at great length and the jury had full opportunity to observe his attitude and demeanor. The evidence which appellant-now claims she desires to submit is not newly discovered and does not warrant a new trial.
Judgment-and order appealed from affirmed, without costs.