Frank A. Gulotta, J.
This is an undefended divorce action brought by a husband against his wife on the ground that she committed adultery with a certain named doctor.
The proof relied upon is almost exclusively the admission or confession of the alleged guilty parties. They are not the typical admissions where the incriminating statements are made in open court, but on the contrary, here we have admissions made out of court, where the corespondent, when asked to repeat them in court, sought sanctuary in section 6 of article I of the New York State Constitution forbidding compulsory self incrimination.
Superficially it may seem that a confession made in open court under the solemn surroundings created by the taking of an oath should be entitled to more credence than a similar declaration made under everyday circumstances, and that since the former are almost universally rejected, when they are the sole reliance for a decree of divorce (Barber v. Barber, 119 N. Y. S. 2d. 773) it necessarily follows that the more informal admissions likewise must be rejected.
However, a more critical appraisal of these several situations, I think, can lead to the opposite result.
. Divorces by agreement are of course prohibited. (Eules Civ. Prac., rule 283.)
It is for this reason that courts’ are loath to accept uncorroborated confessions, recognizing that a person who is willing to swear to the commission of adultery, a statutory crime under our law, in order to attain a desired result, would not likely balk at committing perjury to accomplish the same result.
There is actually no rule of law in divorce cases such as we have in annulment actions under section 1143 of the Civil Practice Act which literally forbids the granting of a decree *588 of annulment, on an unsupported confession. Section 1150 of the Civil Practice Act merely requires that in a divorce action, the plaintiff must satisfactorily prove the material allegations of the complaint.
The decisions in this State have sometimes been confused to stand for the principle that a divorce may not, as a matter of law, be granted upon the uncorroborated confession of the guilty spouse. Each of the cases so holding must be taken in the light of the particular facts of that case.
The idea may stem from the early canonical law as applied by the Ecclesiastical courts of Great Britain following the Convocation of Canterbury in 1603 where such a rule was adopted (7 Wigmore, Evidence [3rd ed.], § 2067) but by 1858 the English courts had abrogated the rule. (Robinson v. Robinson, 1 Sw. & Tr. 362.)
In our own State the rule is succinctly stated in Simons v. Simons (270 App. Div. 88, 89-90) as follows: “There is no statutory requirement that the testimony of a corespondent in an action for divorce on the ground of adultery must be corroborated. Nor do we find any case law to that effect.”
The true test seems to be whether the conscience of the court is satisfied that an attempt is not being made to destroy the marital relationship through collusion or other fraud. The court may take into consideration the nature of the confession, the surrounding circumstances under which it was given, to whom it was given, who was present when the admission was made and any other facts it may deem germaine. If, after considering all these circumstances, the court in the light of its experience, is convinced that collusion does not exist and that the admission states the true facts, it may grant a divorce even though the admission stands alone and is uncorroborated.
The court in Sigel v. Sigel (20 N. Y. S. 377) speaking of a defendant’s admission said: “ Courts have, in many cases, refused to grant divorces on such evidence, upon the ground that it was practically a divorce by consent; that it opened the door to collusion between the parties and imposition on the court. While such evidence is to be viewed with suspicion and acted upon with caution, it will not do to assume that all defendants are liars and frauds, particularly where there is no motive at the time to be otherwise than truthful. Where the confessions are perfectly free from taint of collusion, confirmed by the circumstances and the conduct of the accused, the evidence is sufficient.”
Thus if the court is satisfied as to the truth of a confession there is no legal impediment to basing a decree upon it. The *589 crucial question is — did the adultery take place? However, I deem this to mean more than a judge relying on some undefined, intuitive sense in determining when a party making a confession is telling the truth, and this would be all you could have in an open court confession where the surroundings are necessarily the same. Of course, if there is some other independent proof which tends to establish the offense, although slight, the case does not present a true case of an uncorroborated confession.
On the other hand, in dealing with an extra judicial confession, the circumstances under which it was made may lead to a conclusion as to the truth of the confession itself, as distinct from corroborating the adultery which is the subject of the confession.
I think that the instant case furnishes us with a good illustration of this point.
It appears that on December 16, 1958, at 9:10 a.m. a police officer of Nassau County observed a woman running on Hillside Avenue, Williston Park, being chased by a man. He intervened and learned that the pursuer, who is the plaintiff here, was the woman’s husband and that he accused her of having had illicit relations with the corespondent, whose office was nearby. They all adjourned to the office to which the defendant wife had a key, and the doctor was called and shortly thereafter put in an appearance. Both the doctor and the defendant admitted their guilt, and the doctor offered the plaintiff a sum of money to forget the matter, which was refused. It was on this occasion too that the duped wife was disillusioned as to the constancy of her paramour’s affections.
The defendant wife has defaulted in this action and as heretofore indicated the doctor has refused to testify although in view of the damage which an unrefuted charge of this nature can have to his professional reputation, a denial is clearly called for, if he were in a position to make one.
While the privilege against self incrimination extends to civil as well as to criminal trials (Levine v. Bornstein, 13 Misc 2d 161), in a civil forum, there is no- rule against drawing inferences from the failure to testify such as exists in criminal cases (Code Crim. Pro., § 393) and the refusal to deny a charge as a witness when called upon to do so, may itself be considered as corroboration. (Butler v. Butler 134 N. Y. S. 108, affd. 153 App. Div. 900; Bradley v. O’Hare, 2 A D 2d 436.)
It is hard to believe that this incident of the chase along the street and the subsequent confrontation of the parties in the doctor’s office was a staged affair. If it was, the parties are developing a great deal more ingenuity and imagination than is usually encountered in these cases. There is no reason to *590 doubt tbe testimony of the police officer that the incident itself took place. A judgment of divorce in favor of the plaintiff against the defendant is therefore granted, without costs.
Settle findings and judgment on notice.