Frank D. Paulo, S.
The decedent is survived by her husband and her two adult children. In her will she nominated her son, Erwin, and her daughter, Gladys, as her executors.
Erwin has filed objections to the competency of his sister to serve as executrix and Gladys, joined by her father, decedent’s widower, has filed objections to Erwin’s competency to serve as executor.
A nominated executor cannot lightly be denied letters testamentary. The court may not substitute its judgment for that of the testatrix. The grounds upon which the court may find a nominated executor incompetent to serve are set forth in section 94 of the Surrogate’s Court Act.
Erwin’s competency to serve has been challenged on the grounds, among others, that he altered decedent’s will. An examination of the will shows a number of pencil markings subsequently erased, but still legible. In the margin, opposite paragraph second (which leaves decedent’s husband one third of the estate), appear the words “ strike out ” and an arrow pointing to the paragraph. In paragraph eieth (which leaves the residue of the estate to 11 my son edwin m. sperrle and my daughter Gladys m. sperrle, in equal shares ”), the word 1 ‘ edwin ’ ’ is marked out and the word ‘ ‘ erwin ’ ’ has been inserted. In paragraph sixth (which nominates the son and daughter as executors), again the word “edwin” has been marked out and the word ‘1 erwin ’ ’ inserted. In addition, in this paragraph the words “ and my daughter, Gladys m. sperrle” have been stricken out by drawing a line through them.
At the hearing, a handwriting expert testified that in his opinion the word “erwin” was printed in block letters by Erwin M. Sperrle. When opposing counsel asked him directly whether he had made alterations to decedent’s will, Erwin claimed his privilege against self incrimination.
The court finds and decides that Erwin M. Sperrle made alterations on the face of the will of the within decedent. In reaching this factual conclusion, the court credits the testimony of the handwriting expert. Furthermore, the court draws the *1086 inference that Erwin M. Sperrle did in fact alter the will, from his refusal, on the grounds of privilege, to deny that he did it. It seems clear that he had the right to invoke his privilege against self incrimination; but it seems equally clear that where, in a civil matter, a party asserts his right not to incriminate himself, the court, as the trier of the facts, may draw inferences from the claim of privilege. (Wigmore [3d], Evidence, § 2272; Bender’s, New York Evidence, § 242.14, subd. [2]; Bradley v. O’Hare, 2 A D 2d 436, 442; Crowley v. Crowley, 18 Misc 2d 586, 589; Butler v. Butler, 134 N. Y. S. 108, 110, affd. 153 App. Div. 900.)
The act of altering the decedent’s will is dishonesty within the meaning of subdivision 5 of section 94 of the Surrogate’s Court Act. It has been said that the dishonesty contemplated by the statute must be taken to mean dishonesty in money matters (Matter of Latham, 145 App. Div. 849, 854). Attempted alterations of the decedent’s will which could result in an increased share of the estate passing to the person making the alterations surely is such dishonesty.
The duties of an executor are too important to be entrusted to a person, who, even in the absence of personal gain, seeks to frustrate the intentions of the testatrix by attempting to alter her will. The court is of the opinion that such acts are within the contemplation of the term “dishonesty” as used in subdivision 5 of section 94 of the Surrogate’s Court Act.
Letters testamentary are denied to Erwin M. Sperrle.
The objections to the appointment of Gladys M. Sperrle have not been sustained by the proof, except for the objection based on her nonresidency. It is conceded that she is not a resident of New York. This does not render her incompetent to serve as executrix, provided she files a bond pursuant to section 97 of the Surrogate’s Court Act.
Letters testamentary shall issue to Gladys M. Sperrle upon her qualifying according to law and upon her posting a bond in a sum to be determined after proof of the size of decedent’s estate.
Erwin M. Sperrle is directed to deliver to the executrix, when she has qualified, all property belonging to decedent’s estate, in his possession or under his control.