Per Curiam.

The landlord sought to evict the tenant for illegal occupancy. It appears without successful contradiction that the tenant had leased rooms for single-room occupancy to five undertenants. This is clearly in violation of law (Multiple Dwelling Code of City of New York, § 3, subd. 5; Administrative Code of City of New York, § D26-3.0, subd. 5; Multiple Dwelling Law, § 248). The tenant introduced evidence to the effect that the landlord was not seeking the eviction in order to have the occupancy conform to the law but because she was disappointed in not procuring additional rent on account of the increased number of roomers. Assuming this to be true, as it may well be, it is immaterial. A landlord cannot waive a violation of law even by express waiver (Revon Realty Co. v. Fixler, 66 N. Y. S. 2d 30). And his motive in seeking to evict for a tenancy in violation of law is immaterial (Chase Nat. Bank v. Tawaja, 204 Misc. 246; Wack v. Boutin, 81 N. Y. S. 2d 281).
The fact that no administrative department has placed a violation against the building has no significance. The regulations which have been contravened were enacted to protect the lives and health of tenants. While the court has no duty to seek out such violations it cannot, when one is brought to its attention, ignore it and must implement it. Should a disaster in the shape of fire or epidemic follow on such overcrowding it would be no excuse that the court. failed to enforce the law because the inspecting authorities took no action.
*73 The final order should be reversed and final order directed for the landlord.