Per Curiam.

The testimony in behalf of the landlord, without contradiction by tenant, established the premises were used and occupied by three rent-paying roomers or boarders. This constituted a single-room occupancy in violation of the Multiple Dwelling Law (§ 3, subd. 4) and the Multiple Dwelling Code of the City of New York (Administrative Code of City of New York, § D26-3.7) which limits the number of permissible boarders, roomers or lodgers to two. In addition, the uncontra.dieted testimony of landlord’s agent established that the required opening or access to the room, which provided means of egress as required by the statute, was equipped with a door frame and transom. This testimony as to the physical condition of the premises was sufficient to prove that the premises did not conform to the statutory standards and was in violation of section 248 (subd. 4, par. c) of the Multiple Dwelling Law which specifically prohibits any door or door frame. The combination of these violations constituted an illegal occupancy and landlord’s proof accordingly was sufficient to establish a prima facie case (see Shapiro v. Collins, 6 A D 2d 1038, revg. 12 Misc 2d 71). It was error to dismiss landlord’s petition upon the ground that she had failed to make out a prima facie case.
Moreover, a departmental notice of violation is not necessary before instituting a summary proceeding under these circumstances. The fact that no administrative department has placed a violation against the building has no significance (Shapiro v. Collins, supra).
The final order should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.
Concur — Hecht, J. P., Aurelio and Tilzer, JJ.
Final order reversed, etc.