John J. McCall, S.
Involved herein is a discovery proceeding, initiated by one William Weaver as the administrator of the estate of Elizabeth Weaver against one Doris Weaver. Allegations ,of the petition were to the effect that certain personal property of Elizabeth Weaver remained in the control of one Doris Weaver, who was withholding the same from the petitioner, having refused to deliver the same on demand.
On the return day of the order to shoAV cause, upon being examined by counsel for the petitioner, the respondent answered all questions relative to the property and her relationship with William Weaver by invoking the privilege against self incrimination, admitting the marriage and the date thereof. When asked if she lived with Weaver after her marriage at 877 New Scotland Avenue she invoked the privilege. Again upon interrogation as to whether the instant property was in the home at the time, she refused to answer and took a similar attitude concerning the purchase of and entry into a new home with Weaver at 19 Belvedere Avenue. The proceeding was then adjourned to give petitioner time to present additional proof concerning the property. The property .consisted in the main of flat silver, glassware, and a few small items of furniture.
Petitioner subsequently produced a daughter of deceased (now substituted for the petitioner as administrator d.b.n. the petitioner having since died) who testified the property involved was in the home of her deceased mother, then moved in January, 1966 to the home of William Weaver and Doris Weaver at 19 Belvedere Avenue, Albany. Witness stated she lived there for two months with her stepfather and his new wife. She.then left at which time the property remained in the new home. She subsequently returned for visits during the following summer months and observed many of the items there. William Weaver testified the property was his first wife’s, that he moved it to the second home and it was there when he left in September, 1967. He also testified Doris Weaver’s mother told him Doris did not want him near the house to obtain the property. The respondent here was not present at the time of the taking of this testimony but her only objections to it being considered are that William Weaver’s testimony constitutes confidential communication by his wife and is therefore incompetent and that the statement of the mother is hearsay. The court fails to see any communication made by the wife, but even if here, they were not of a confidential nature and are not privileged. The mother’s statement is hearsay and stricken.
*903 The pressing question posed here is, ‘ ‘ what inference, if any, can be drawn against Doris Weaver because of her invoking the privilege and failure to testify concerning this property and its location in the places she allegedly lived.” In this State the law seems to be that the trier of the facts may draw an inference against a witness (party) from the refusal to testify under the claim of privilege. (Bradley v. O’Hare, 2 A D 2d 436; Levine v. Bornstein, 13 Misc 2d 161; Matter of Haywood v. Craig Colony, 7 A D 2d 69, 73 [dissenting opn.]; Crowley v. Crowley, 18 Misc 2d 586.) In Wigmore, Evidence (McNaughton Rev., vol. 8, § 2272, subd. 1, par. [e]), a footnote contained there states “ the inference seems to be allowed with least reluctance in cases where the party claiming privilege has the affirmative burden in the cause, where he has exclusive access to information which would, if favorable to him, dispute evidence adverse to him already before the tribunal, or where the inference is used to buttress other evidence ”. The thrust of the petitioner’s case is that the property was in the original home when Doris Weaver came there and that it followed her to the new home and remained there. From her silence on this point, it can be fairly said that she cannot in truth contradict the petitioner Weaver and the supporting witness. Coupling the inference against Doris Weaver with the other proper and relevant evidence in the case, the court finds that Doris Weaver does in fact withhold the instant property of the decedent from the duly appointed representative and she is directed to surrender forthwith the property set forth in Schedule A.