Bentley Kassal, J.
At the trial, the two complaints involving the same parties were consolidated and the consolidated action bears Index No. 149062-1964.
These are two actions by Eastern Airlines, Inc., one for $390.29, representing three checks allegedly issued by the defendant to plaintiff in 1963 and 1964 and the second action is for $136.74 representing three checks allegedly issued by the defendant to plaintiff in 1963 and 1964. The checks were deposited but never cleared and the total sued for is $527.03. Testimony was presented that airline tickets had been issued and used although no proof was presented that defendant used them.
In the first complaint, three checks, one dated November 17, 1963 for $125.24, one dated February 11, 1964 for $150 and one dated February 16, 1964 for $115.05 were allegedly issued, all during defendant’s infancy. The answer consists of infancy and a letter of disaffirmance of the said checks dated September 26, 1964, which letter was part of the answer herein. Testimony was presented by a bank officer familiar with the defendant’s bank signature to the effect that the signature on the two checks dated February 11, 1964 for $150" and February 16, 1964 for $115.05 appeared to be defendant’s signature in comparison with bank signatures. However, it was his opinion that the signature on the third check for $125.25, dated November 17,1963 did not correspond with the bank’s signature card.
In regard to the second complaint, plaintiff’s attorney and his secretary both testified that the checks and copies thereof had been misplaced or lost in the course of an office move in December, 1968 and that the second complaint was prepared directly from the original checks. The court is constrained, under these circumstances, to dismiss the second complaint in the total amount of $136.74 on the grounds that plaintiff failed to make out a prima facie case. The plaintiff cites a plethora of authority in its post-trial memorandum for the use of secondary evidence but none of the cases apply to the instant case. Although oral testimony may be employed for the purpose of supplying omissions in original documents, these authorities do not support the contention that oral testimony may be used to prove both the existence of checks and the authenticity of the signature of the maTcer. This is especially so in view of the testimony of plaintiff’s expert witness for the first complaint who only identified defendant’s signature on two of the three checks in evidence.
*903 Therefore, under these circumstances, the testimony of the plaintiff’s attorney and his secretary does not establish to the court’s satisfaction sufficient proof of such checks and the identification of the signatures thereon. The second complaint is, accordingly, dismissed.
As to the first complaint, the plaintiff presented evidence consisting of two Dun & Bradstreet business information reports showing the defendant in business as early as 1960, which the defendant conceded, and which date is three and four years prior to the date of the checks herein. The two checks, identified by the bank witness as bearing the defendant’s signature, also were drawn on a business account, namely, “ Herman A. Stuhl Management Services.”
Therefore, addressing the defense of disaffirmance, the court concludes that the same is not a valid defense herein since it had not been exercised within a reasonable time after the defendant attained his majority. The defendant attained his majority on April 21, 1964, but he did not disaffirm these checks until September 26, 1964, a period more than five months thereafter.
Some of the considerations which lead to the conclusion that this was not a reasonable period are these: The five months’ hiatus, the said disaffirmance did not occur until asserted as a defense in legal action, the fact that the defendant is not truly an “ infant ” in the moral or business concept of this principle since he had admittedly been actively involved in various and numerous business enterprises for at least three years prior thereto or from his 17th birthday on.
Obviously, these all add up to a person who had more than sufficient mental capacity, and his disaffirmance, five months after attaining his majority, with regard to the issuance of checks in his twentieth year, should not under these circumstances be considered a disaffirmance within a reasonable period. In the court’s opinion, .some of the elements that should be considered in determining a reasonable period for a disaffirmance are the business experience, awareness and general acumen of the said infant. We have, in this instance, an example of a very world-wise man attempting, by the device of invoking a disaffirmance, to avail himself of a “ free ride ’ ’ both literally and figuratively.
The court is influenced by the case of Vichnes v. Transcontinental & Western Air (173 Misc. 631) in which it was held that an infant would be liable for air tickets when they had been received by him even though he had asserted infancy as a defense. - ••
*904 A further critical factor in the court’s decision is the issue of the defendant’s credibility. In two specific instances the defendant had given absolute answers on direct testimony which he immediately contradicted upon being presented with clear, contrary evidence. Specifically, this pertains to questions regarding the service of subpoena upon him and his operator’s license.
In addition, during the course of the trial, the defendant refused to answer certain questions about the checks in issue, invoking the privilege against self incrimination under CPLR 4501 by a written statement and memorandum of law which he had prepared. The court permitted the defendant to claim this privilege after being reasonably satisfied that it had been properly invoked. In a civil matter, it is proper for the trier of the facts to draw an unfavorable inference against a party who invokes the privilege against self incrimination. When a party in a civil action, capable of testifying on the issues, refuses to testify by the claim of this privilege, he must thereupon bear all of the legitimate inferences flowing from the adverse evidence against him, and this without regard to his reasons for silence. (Bradley v. O’Hare, 2 A D 2d 436, 442; Matter of Cohen, 7 N Y 2d 488, 501; Matter of Weaver, 58 Misc 2d 901; Matter of Sperrle, 47 Misc 2d 1084; 8 Wigmore, Evidence [3d ed.], § 2272, p. 409; Richardson, Evidence [9th ed.], § 540, p. 556.)
For the reasons set forth, the court denies all the motions made by the defendant during and at the end of the trial, except the one motion to dismiss the second complaint, which is granted. Judgment is rendered in favor of the plaintiff on the first complaint in the sum of $265.05, representing the two checks whose signatures were identified by the bank officer.