Per Curiam.

Landlord instituted a summary proceeding to evict tenant for the illegal use of the demised premises pursuant to subdivision 5 of section 711 of the Real Property *839 Actions and Proceedings Law, on the ground that the demised premises were used for purposes of prostitution and other deviate sexual conduct. The record clearly supports the unanimous verdict for landlord.
This proceeding is based on subdivision 1 of section 231 of the Real Property Law, reading: "Whenever the lessee or occupant other than the owner of any building or premises, shall use or occupy the same, or any part thereof, for any illegal trade, manufacture or other business, the lease or agreement for the letting or occupancy of such building or premises shall thereupon become void, and the landlord of such lessee or occupant may enter upon the premises so let or occupied.”
The section is implemented by subdivision 5 of section 711 of the Real Property Actions and Proceedings Law, which permits summary proceedings to evict the tenant using premises in violation of subdivision 1 of section 231 of the Real Property Law.
Subdivision 1 of section 231 makes it compulsory for a lessor to institute a summary proceeding to regain premises used by a lessee for illegal purposes and it specifically provides that the landlord may enter upon the premises so let or occupied. An entry is made by way of court action.
The failure of the landlord to comply therewith subjects the landlord to criminal penalties under section 230.40 of the Penal Law: "A person is guilty of permitting prostitution when, having possession or control of premises which he knows are being used for prostitution purposes, he fails to make reasonable effort to halt or abate such use.”
Subdivision 1 of section 231 of the Real Property Law is in no way dependent upon the covenants of the lease. There is a difference between a violation of law and violation of the terms of the lease. The lease being void, the covenants in the lease which relate to preliminary notice as a condition to instituting eviction proceedings have no probative effect.
The summary proceeding is not based on a holding over after expiration of the term which would be under subdivision 1 of section 711 of the Real Property Actions and Proceedings Law, but is based upon specific statutory authority (Real Property Law, § 231, subd 1; Real Property Actions and Proceedings Law, § 711, subd 5) to maintain the proceeding for illegal use and occupation of the demised premises. Therefore, *840 it is not necessary to first terminate the term (Bakter v Mimmo, 196 Misc 245).
The parties are deemed in law to have contracted subject to the conditions described in subdivision 1 of section 231 of the Real Property Law, which qualified rights of tenants (Matter of Coste v Pappas, 236 App Div 175).
The scheme of the legislative intent authorizing eviction based on statute rather than lease is pointedly expressed in section 715 of the Real Property Actions and Proceedings Law. That section permits a tenant of any premises within 200 feet of premises where illegal activities are conducted, a law enforcement agency, a legalized and authorized domestic corporation for suppression of vice to institute summary proceedings, as if they were an owner or landlord thereof, to evict the persons occupying or using the premises for illegal activities, after landlord fails to do so, on five days notice. Such a proceeding is without regard to waiver, conditional limitation or termination clauses in leases.
Clearly, it is the legislative intent that the acceptance of rent by landlord or doing any act constituting waiver will have no effect in a proceeding for eviction based on illegal use, even after knowledge of illegal activities, when the matter relates to a situation where the Legislature has established a public policy and the enforcement of such a waiver would violate the public policy (see 47 East 74th St. Corp. v Simon, 188 Misc 885; Shapiro v Collins, 12 Misc 2d 71, revd on other grounds, 6 AD2d 1038).
Any other construction would make it possible for a willing landlord, greedy for the high rent that can be obtained for illegal use, to repeal the statute or make it legally ineffective.
Other points raised by appellant have no merit. Final judgment, entered April 4, 1975, affirmed with $25 costs.
Concur — Dudley, P. J., Fine and Frank, JJ.