OPINION OF THE COURT
Lewis R. Friedman, J.
Petitioner in this holdover proceeding presents a novel argument: does the tenant’s commission of a crime against the landlord authorize termination of his lease without the service of the notice to cure which is otherwise required by the lease.
The credible proof at the trial of this case established that the landlord, on January 18, 1983, while walking in the hallway of the building, found that an electric wire which was plugged into a hallway lighting fixture led under the door of the tenant’s apartment. The owner cut the wire. Consolidated Edison testified, by stipulation, that the tenant’s meter had been removed and that no electric service was provided to the tenant from February 26,1982 to April 28,1983. At the end of January, 1983, the hallway fixtures were changed so that they do not contain electric outlets. The landlord served a notice of termination of the lease on January 19, the day after he discovered the “cheater” wire. This proceeding then followed.
The landlord argues that the tenant committed a crime by stealing electricity from the building. Subdivision 1 of section 155.05 of the Penal Law, provides, in pertinent part: “A person steals property and commits larceny when, with intent to deprive another of property or to appropriate *722 the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.” Subdivision 1 of section 155.00 defines property as: “[A]ny money, personal property, real property, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation.”
The italicized language was added in 1978 (L 1978, ch 420, § 3) in an attempt to cover conduct such as involved here, which may not have previously been covered by the larceny provisions of the Penal Law.
Petitioner’s proof in this proceeding is sufficient to establish a violation of that section. The tenant argues that there was no proof that there was any electric actually being drawn through the wire at the time it was cut. The electric company’s proof, and the inferences which the court draws from it, are sufficient in this proceeding, even if not in a criminal prosecution, to establish a violation of the Penal Law. That conclusion is bolstered by the tenant’s testimony. The tenant, who testified in his own behalf, relied upon his Federal Fifth Amendment rights in refusing to answer any questions concerning his electric service or the source of electricity in the apartment. The court is authorized to draw an inference of guilt, in this civil proceeding, from the claim of privilege. (Marine Midland Bank v Russo Produce Co., 50 NY2d 31; Eastern Airlines v Stuhl, 65 Misc 2d 901; Matter of Weaver, 58 Misc 2d 901; Bradley v O’Hare, 2 AD2d 436.) Such an inference is warranted here.
The commission of a crime against the landlord which grows out of the landlord-tenant relationship is a violation of paragraph 7 of the lease which provides “tenant * * * shall at all times act in conformity with all present and future laws, orders and regulations of all federal, state, municipal and local governments.” Paragraph 17 of the lease, however, provides: “(1) If Tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent * * * then, in any one or more of such events, upon Landlord serving a written five (5) days notice upon Tenant specify *723 ing the nature of said default and upon the expiration of said five (5) days, if Tenant shall have failed to comply with or remedy such default * * * then Landlord may serve a written three days’ notice of cancellation of this lease upon Tenant, and upon the expiration of said three (3) days, this lease and the term thereunder shall end and expire * * * and Tenant shall then quit and surrender the demised premises to Landlord but Tenant shall remain liable as hereinafter provided.” The landlord here short-circuited that provision and served the notice to terminate immediately. There is however no reason for failing to follow the lease.
Generally speaking the law permits termination of a lease notwithstanding a notice to cure provision, such as paragraph 17, only in very limited circumstances. Thus a notice to cure is not required in cases of repeated failures to pay rent on time. Nor is it required in the case of an illegal use of the premises. (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [App Term, 1st Dept]; Matter of Shaff v Stein, 171 Misc 376.) But those cases turn on statutory grounds for eviction, not the lease. (See Real Property Law, § 231; RPAPL 711, subd 5.) Of course the commission of a crime against the landlord is not the use of the premises “for any illegal trade or manufacture, or other illegal business.” (RPAPL 711, subd 5.)
The importance of the notice requirement, as opposed to the immediate cessation of the lease, can be seen by the enactment of RPAPL 753 (subd 4, as added by L 1982, ch 870). There the Legislature mandated a 10-day cure period even after a judgment is entered to be provided in all holdover cases “based upon a claim that the tenant or lessee has breached a provision of the lease”. (See, e.g., Mannis v Jillandrea Realty Co., 94 AD2d 676; Klausner v Frank, 95 AD2d 653; Post v 120 East End Ave. Corp., 95 AD2d 697.) Thus, in circumstances as at bar the respondent would be permitted to cure even if he were to lose on this trial. In light of the recent strong legislative policy in RPAPL 753 (subd 4) it would be illogical to hold that no notice and time to cure is required before termination of a lease but time to cure is provided after judgment.
*724 Petitioner alternatively argues that the case is, in reality, one for nuisance and, therefore, no notice to cure is required. The argument must fail. The theft of electricity was proven to have occurred on one day. The cases generally require that more than a single act, even a single criminal act, is required to constitute a nuisance. (Pamac Realty Corp. v Bush, 101 Misc 2d 101 [a single negligent fire]; Metzger v Hecht, 187 Misc 399 [single act of disorderly conduct]; cf. Stribula v Wien, 107 Misc 2d 114 [App Term, 1st Dept] [single deadly assault on landlord].) Of course, the petitioner cannot change the theory of the case after the trial is over.
Therefore, the absence of the service of a notice to cure under the lease is fatal to the petition. (Crown Props. Co. v Siegfried Pines, NYLJ, June 22, 1979, p 12, col 4 [App Term, 2d Dept].)
The tenant’s proof on the alleged breach of warranty of habitability is insufficient to warrant an award of damages. There is no proof that the proceeding was motivated in retaliation to respondent’s tenant-related activities.