OPINION OF THE COURT

Per Curiam.

Order entered November 16, 1983 modified by granting petitioner’s motion to strike the jury demand of tenant Stanley Tetenbaum and, as modified, affirmed, with $10 costs to the appellant.
Tenant occupies rent-stabilized premises at 538 East 89th Street, Manhattan. Tenant’s original lease, as renewed, contained the following broadly framed jury waiver clause: “It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action against the other (except for personal injury or property damage) on any matters whatsoever arising out of or in any way connected with this lease, the relationship of Landlord and Tenant, Tenant’s use of or occupancy of said premises, and *703 any emergency statutory or any other statutory remedy”. It is firmly established that such lease provisions are valid and enforceable (Avenue Assoc. v Buxbaum, 83 Misc 2d 719). The last lease renewal expired at the end of May, 1983, and landlord refused to offer a further renewal. A summary proceeding was brought in June, 1983. Tenant served a demand for trial by jury, on the theory that landlord, in refusing (improperly, it is claimed) tenant’s request for a renewal lease, thereby forfeited the right to invoke the jury waiver clause contained in the expired lease(s). Landlord appeals from Civil Court’s denial of his motion to strike the jury demand.
It is well settled that a lease provision waiving a trial by jury is not in conflict with emergency rent statutes and is generally carried over into statutory tenancies and holdover tenancies (1 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], §§ 287, 274). While most of the reported cases deal with situations arising under rent control, no persuasive reason is advanced as to why a different result should obtain under rent stabilization. The controversy here, relating as it does to tenant’s entitlement to a renewal lease, and claims by landlord for rent, is clearly one “arising out of” and “connected with” the relationship of landlord and tenant and tenant’s occupancy of the premises. If it is ultimately determined that landlord has acted in bad faith in refusing to renew tenant’s lease, the Conciliation and Appeals Board may impose such sanctions as it deems appropriate. But at this juncture, “[t]here is no legal or equitable justification to delete the terms and conditions previously entered into because of a landlord’s failure to renew or tender a renewal lease” (Pierre v Williams, 106 Misc 2d 81, 83; see, also, Solow Mgt. Corp. v Elliot, NYLJ, July 13, 1983, p 12, col 1).
Accordingly, the motion by petitioner to strike tenant’s jury demand should have been granted.
Dudley, P. J., Riccobono and Parness, JJ., concur.