OPINION OF THE COURT
Marshall C. Berger, J.
Petitioner instituted this holdover proceeding alleging the *629 lease was terminated for tenant’s failure to cure a violation of the lease after receiving a notice to cure it, namely, “the subject premises are being used for purposes other than as a grocery store and place of storage of food, merchandise and equipment”. In its bill of particulars, petitioner alleged that "a gambling operation is being maintained on the premises” rather than the premises being used as a grocery store and place of storage as provided in the lease. It also alleged tenant has violated RPAPL 715 (1) and article 225 of the Penal Law (gambling).
At trial, petitioner introduced overwhelming evidence that the premises were being used openly and notoriously for a numbers and slot machine operation as defined in section 225.00 (11), (8), respectively, of the Penal Law. Indeed, while I held at trial that petitioner need meet only the civil burden of proving its case by a preponderance of the credible evidence rather than the criminal burden of proving its case beyond a reasonable doubt, the evidence left me with no reason to doubt that the premises were being used for an illegal gambling operation. Respondent admitted this, its principal testifying he had been tricked into agreeing to an oral subtenancy, the subtenants had started and maintained the gambling operation and now his fears for his personal safety precluded him from doing anything to stop it.
Respondent contends that the notice to cure and notice of termination were signed by the landlord’s managing agent without explanation in the notices and hence were invalid under Siegel v Kentucky Fried Chicken (67 NY2d 792 [1986]). There are two answers to this. First, while the managing agent signing the notices did not come on the scene until after the original landlord had sold the building to the present landlord, the tenant well knew the managing agent to be the landlord’s agent since, as its principal admitted, it regularly paid the rent to him personally.
Second, there was no need to serve any notice to start a summary proceeding based on illegality. In addition to a landlord’s right to start a summary proceeding against a tenant for a holdover proceeding after expiration of his term (RPAPL 711 [1]), or for nonpayment of rent (RPAPL 711 [2]), it may start one based on use of the premises for illegal purposes (RPAPL 711 [5]). Murphy v Relaxation Plus Commodore (83 Misc 2d 838 [App Term, 1st Dept 1975]) held that in such proceedings there is no need to first terminate the lease. Hence, it follows that any notice to cure or to terminate is *630 surplusage and, hence, whether they comply with Siegel (supra) is irrelevant. Section 231 (1) of the Real Property Law even provides that such illegal use without more voids the lease and the landlord may thereafter enter upon the leased premises. Murphy, presumably to avoid Federal and State constitutional problems addressed in such cases as Fuentes v Shevin (407 US 67 [1972]) and Sharrock v Dell Buick-Cadillac (45 NY2d 152 [1978]), held that such entry is made by way of court action.
Here, while the petition talks in terms of a holdover proceeding, the bill of particulars made it clear that petitioner’s case is based upon alleged illegality and thereby put respondent on notice as to petitioner’s contention. Accordingly, there would be no prejudice to amending the petition to conform to the proof, especially, in light of the policy of applying to summary proceedings the well-settled liberality in allowing pleading to be amended (Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]; City of New York v Brown, 119 Misc 2d 1054 [Civ Ct, Kings County 1982]).
A final judgment of possession shall issue stayed for 10 days.
Petitioner is awarded use and occupancy in the amount of $2,260.