OPINION OF THE COURT
Peter Wendt, J.
This is a proceeding commenced pursuant to RPAPL 711 (5). In its petition petitioner claims that respondent permits the premises to be used for illegal trade or business. Specifically, petitioner claims that drug transactions occur in the premises. Respondent denies these allegations and moves, pursuant to CPLR 3211 (a) (2) and (7), for an order dismissing this proceeding on the ground that admittedly no notice to vacate or *902 surrender possession was served prior to commencement of the proceeding.
If rent stabilization or rent control did not apply to the subject premises, no notice to vacate would be required as a predicate to a proceeding under RPAPL 711 (5). (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [App Term, 1st Dept 1975]; Real Property Law § 231.) A summary proceeding brought under RPAPL 711 (5) is not based upon a holding over after the expiration of the term, but is based upon the specific statutory authority to maintain the proceeding for illegal use and occupation of demised premises. Hence, it is not necessary to first "terminate” the term. This is not truly a "holdover” summary proceeding, and landlord need not show that tenant is holding over after the expiration of the term. (2 Rasch, New York Landlord and Tenant—Summary Proceedings § 1106 [2d ed].)
It appears, however, from the papers and exhibits submitted to the court, that the subject apartment is governed by the Rent Stabilization Law (Administrative Code of City of New York § 26-501 et seq.) and Rent Stabilization Code (9 NYCRR 2520 et seq.). Respondent has submitted an earlier nonpayment petition against this respondent by this petitioner for the apartment sought herein. In that verified petition (index No. L&T 72698/87) petitioner claims, in paragraph "7”, that the premises are subject to the Rent Stabilization Law (RSL). Furthermore, the visually displayed files of the Department of Housing Preservation and Development indicate that the building is a new law tenement containing 22 class A units. (A "tenement” is by definition a building constructed before April 18, 1929 [see, Administrative Code § 27-2004 (11)].) Petitioner, despite ample opportunity to do so, merely states, via an attorney’s affirmation, that "respondent has failed in her burden of proof to show that she is subject to the Rent Stabilization Laws as amended.” Putting aside the issue of who has the burden of proof of rent stabilization status in an RPAPL 711 (5) proceeding, respondent has certainly come forward with enough evidence to switch the burden to petitioner, even if it were hers in the first place. Petitioner, who is in possession of or has access to all relevant documentation regarding the building’s status, has failed to produce anything beyond an attorney’s bare statement that the burden is respondent’s, and that she has failed to satisfy it. The court must presume that if petitioner had any evidence to contradict respondent’s assertion that she is subject to the RSL, it *903 would have come forward with such evidence in its opposition papers. For this reason, the court will treat the premises as rent stabilized.
Section 2524.1 (a) of the Rent Stabilization Code (RSC) states: "(a) As long as the tenant continues to pay the rent to which the owner is entitled, no tenant shall be denied a renewal lease or be removed from any housing accommodation by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, except on one or more of the grounds specified in this Code.” Note that this section does not discuss merely termination of a tenancy, but "action to evict or to recover possession,” and "removal or exclusion from possession.” Thus, even a proceeding which is not nominally a "holdover” proceeding, but merely an eviction proceeding, is included in the proscription of RSC § 2524.1 (a). The RSC indeed has a parallel to RPAPL 711 (5). RSC § 2524.3 (d) provides, as a ground for eviction: "(d) The tenant is using or permitting such housing accommodation to be used for immoral or illegal purpose.”
Although RPAPL 711 (5), absent rent stabilization, requires no predicate notice before a proceeding can be commenced, the RSC does. Section 2524.2 (c) (2) requires that before owner commences a proceeding based upon a wrongful act of the tenant under RSC § 2524.3 (d), it must serve a notice at least seven calendar days prior to the date specified for surrender of possession.
The statutes should, if possible, be read in harmony rather than in conflict with each other. RPAPL 711 (5) does not specifically state that no notice can be required, nor does the notice provided for in RSC § 2524.2 (c) (2) prevent commencement of a proceeding under RPAPL 711 (5). Indeed, seven days is an extremely short period for a notice requiring surrender of possession. Furthermore, while RPAPL 711 (5) applies State-wide, RSC § 2524.2 (c) applies only to rent-stabilized apartments. In statutory interpretation, the specific always takes precedence over the general, and various provisions of the law which apply to the same subject matter should be read in harmony wherever possible. I therefore hold that a seven-day notice pursuant to RSC § 2524.2 (c) (2) is required before landlord seeks to evict a rent-stabilized tenant under RPAPL 711 (5) for illegal use of the premises. The petition is dismissed without prejudice.