OPINION OF THE COURT
Robert Charles Kohm, J.
This is an action for a judgment pursuant to RPAPL 711 (5), whereby petitioner, S. Franklin Spira, seeks a final judgment terminating the lease and underlease and seeks a warrant to remove the respondents from the premises forthwith. Respondent, Spiratone, Inc., moves to dismiss the action based on *788 petitioner’s failure to serve a notice of termination as required by the lease governing the premises.
Petitioner, S. Franklin Spira, is the owner and landlord of the premises in question, which are located at 135-06 Northern Boulevard, Flushing, New York. On or about October 26, 1984, petitioner entered into a 10-year lease with respondent, Spiratone, Inc. The lease expires on October 30, 1994. Subsequently, respondent sublet the second floor of the premises to the Power Christian Center, who has been using said second floor for public assembly and church purposes on Sundays.
Petitioner alleges that the use of the premises as a church and place of public assembly is an “illegal business” and claims that this use is contrary to the certificate of occupancy for the premises. In addition, petitioner alleges that the premises are illegal under various State, county and municipal laws, ordinances and regulations, although he has failed to cite any such authority.
Petitioner, in his effort to justify his failure to serve the required notice of termination, relies on RPAPL 711 (5), which states that in a proceeding to recover possession, a tenant shall not be removed from possession except in a special proceeding and that a special proceeding may be maintained if ”[t]he premises, or any part thereof, are used or occupied as a bawdy-house, or * * * place * * * of prostitution, or for any illegal trade or manufacture, or other illegal business.”
A notice of termination need not be served so long as RPAPL 711 (5) is violated. The statute construes an illegal trade, manufacture or business to be an activity which is either criminal in nature, such as gambling, theft or prostitution, or an illegal manner of conducting an otherwise legal business activity, such as the illegal manufacture of goods. In this case, however, the petitioner requests that this court expand the definition of illegal use under RPAPL 711 (5) to include public assembly for church purposes.
Petitioner claims that there is an illegality based on violations such as inadequate exits, a lack of fire retardant construction at the stair enclosure, missing lighting and exit signs and the lack of a special use permit. Petitioner has failed to submit any proof that violations have been issued concerning these alleged statutory violations. Petitioner also alleges that respondents’ use of said second floor for public assembly and church purposes is both improper and illegal and that this use of the premises creates an immediate danger and potential life threatening hazard.
*789 The issue before this court is whether the petitioner may proceed pursuant to RPAPL 711 (5) or whether petitioner must first serve a notice of termination upon the respondents to obtain possession of the premises and terminate the lease forthwith.
The RPAPL, aside from specifying the use and occupation of the premises as a bawdyhouse, or place of assignation for lewd persons or for purposes of prostitution, as grounds for the removal of a tenant, contains no definition of what is included under the phrase "or for any illegal trade or manufacture, or other illegal business.” (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 34.3, at 529 [3d ed 1988].) Therefore, under RPAPL 711 (5) absent a court’s finding of an illegal trade or business, a notice of termination must be served on the tenant.
It is not disputed that the Power Christian Center is subletting the second floor of the premises, nor is it disputed that said second floor is being used for public assembly and church purposes on Sundays.
Respondent Spiratone, Inc. contends, however, that petitioner’s claims are unwarranted as there is no proof of any statutory violations against the premises. In addition, respondent Spiratone, Inc. contends that the premises are not being used for any illegal trade or business within the meaning of RPAPL 711 (5).
As a condition for summary proceeding based upon specific statutory authority to maintain a proceeding for illegal use and occupation of demised premises, it is not necessary to first terminate the term. (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [1975].) Under RPAPL 711 (5), however, where the court finds that the premises are not being used for any illegal trade, manufacture, or business, a notice of termination is required to be served on the tenant. With regards to summary proceedings based on illegal use pursuant to RPAPL 711 (5), which do not require notice of termination, resort cannot be had to summary proceedings for every conceivable violation of the laws. It has been held that to warrant a dispossession for illegal use there must be a violation of statutory law dealing with health, morals, welfare or safety of the public. (Rasch, op. cit., § 34.3.)
The court finds this case to be one of first impression, as there are no cases directly on point concerning whether or not a notice of termination is required under RPAPL 711 (5) *790 involving public assembly for church purposes. Petitioner has advanced the argument that the Power Christian Center, a church group, somehow falls within the definition of illegal use as defined in RPAPL 711 (5). To enhance his argument, petitioner cites 410 Lenox Ave. Apts. v Community II Supermarket (135 Misc 2d 628 [Civ Ct, NY County 1987]), Murphy v Relaxation Plus Commodore (83 Misc 2d 838, supra), and Vesey Realty Co. v Doherty (120 Misc 2d 721 [Civ Ct, NY County 1983]), as case law in which the court found illegal uses which did not require a notice of termination. Petitioner’s reliance on these cases is misplaced however, as all three involve inherently criminal and immoral activities such as gambling, prostitution and theft. It is clear that the church organization in question is not conducting any of these practices.
This court is not persuaded that respondents’ use of the premises represents an illegal use under RPAPL 711 (5). The fact that there may be a violation of the certificate of occupancy by the respondents does not establish that the respondents are conducting an activity which would categorize it as an illegal trade or business within the meaning of RPAPL 711 (5). The court finds that church assembly was never intended to be considered an illegal trade or business within the spirit of the statute. Therefore, petitioner is required to serve a notice of termination to bring this summary proceeding.
The court, in rendering this decision, does not pass upon whether or not the action of respondents violates the certificate of occupancy or any other statutes. The court merely holds that the manner utilized by plaintiff to terminate respondents’ possession is inappropriate and not permitted under RPAPL 711 (5).
For the reasons set forth above, respondent’s motion to dismiss the petitioner’s claim is granted.