OPINION OF THE COURT
Per Curiam.
Order dated May 31, 2000 affirmed, with $10 costs.
*296 While it has been stated that a termination notice is not generally required to maintain an illegal use proceeding, since such a proceeding is founded upon statutory authority and not the termination of a lease (RPAPL 711 [5]; 715 [1]; Real Property Law § 231 [1]; see Murphy v Relaxation Plus Commodore, 83 Misc 2d 838), this rule gives way where a governing regulatory scheme requires preeviction notice (see, e.g., 2312-2316 Realty Corp. v Font, 140 Misc 2d 901; Rent Stabilization Code [9 NYCRR] § 2524.3 [d]; § 2524.2 [c] [2]). The federal regulations governing this Housing Authority tenancy, under the heading “Termination of tenancy and eviction,” specifically provide that “[any] drug-related criminal activity on or near [the] premises” shall be cause for termination of a tenancy, and require a written termination notice of 30 days (24 CFR 966.4 [l] [2] [ii] [B]; [3] [i] [C]). Jackson Terrace Assocs. v Howard (NYLJ, Apr. 7, 1993, at 26, col 2 [App Term, 2d Dept]) is not to the contrary, since at the time of that decision the federal regulations did not expressly require a termination notice in such a case. Accordingly, this summary proceeding, premised upon the Housing Authority’s allegations that the premises were being utilized for illegal trading in drugs, was properly dismissed for lack of compliance with the procedural requisites for eviction.
The modification of the Escalera decree (see Escalera v New York Hous. Auth., 924 F Supp 1323 [SD NY 1996]), allowing the Housing Authority to proceed directly against drugtraificking tenants under article 7 of the Real Property Actions and Proceedings Law, does not relieve the Housing Authority from its duty to serve predicate notices mandated under the Code of Federal Regulations.
Parness, P. J., McCooe and Ganger-Jacor, JJ., concur.