OPINION OF THE COURT
Cyril K. Bedford, J.
*344 NYC Housing & Development, LLC (petitioner) commenced this holdover proceeding against Altagraeia Arias (respondent) and John Doe and Jane Doe based on the allegation that apartment No. 15 at 511 West 139th Street, New York, New York 10031 (premises) was being used for the illegal sale and trade of narcotics. Respondents’ answer contained affirmative defenses and counterclaims. GS, a minor, appeared by counsel during the course of the trial.
The proceeding was tried on July 16, 2003, September 17, 2003, September 23, 2003, and completed on October 21, 2003.
At the conclusion of petitioner’s prima facie case, respondent made an oral motion to dismiss the petition on two grounds: (1) petitioner failed to prove a necessary element of its prima facie case, to wit, illegal trade of narcotics and knowledge and acquiescence of the illegal trade of narcotics in the premises by respondent, and (2) petitioner’s failure to serve a seven-day notice of termination of the tenancy pursuant to Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2) necessitated dismissal of the proceeding. No authoritative case law was presented to the court regarding the necessity of a termination notice at the time of the oral motion. The court reserved decision on the motion and continued with the trial. After trial the court requested memoranda on the issue of whether a termination notice was required.
The sum and substance of the credible evidence at trial showed the following:
On January 30, 2003, New York City police officers entered the premises pursuant to a search warrant. Respondent threw herself in front of the locked door to a bedroom and attempted to prevent the police officers’ entry into the bedroom. Within the bedroom, police officers found a large supply of a substance that appeared to be cocaine enclosed in clear plastic bagging, miscellaneous papers and a box of 30 PMC centerfire pistol cartridges. The substance was vouchered and sent to the police laboratory, where testing determined the substance to be a kilogram (2 lbs., 2⅝ oz. + 11 grains, i.e., a brick) of cocaine, with an estimated street value of more than $35,000.
Detective Frank Rivera, a veteran of more than 10 years in the New York City Police Department and who serves on the Community Policing and Narcotics Unit, was certified as, and testified as, a narcotics expert. In Detective Rivera’s expert opinion, the apartment was used to store and sell narcotics, a conclusion respondent did not rebut.
*345 The court’s personal observations — based on respondent’s demeanor and, in particular, the way respondent evaded questions — made clear respondent’s entire testimony was not candid and not credible.
The credible evidence showed a drug business was being conducted in the premises, rather than individual or isolated drug use in the premises. Respondent’s contention otherwise was belied by the drugs found in the premises, the expert evidence adduced at trial and respondent’s attempt to prevent police access to the bedroom where drugs were found. It is clear respondent knew of the drug activity in the premises. In any event respondent’s claim of lack of knowledge of the drug activity would be irrelevant. (See ARJS Realty Corp. v Perez, 2003 NY Slip Op 51220DJ].)
Petitioner has proven that the premises was being used for the illegal trade of narcotics with respondent’s knowledge and acquiescence. Thus, the first prong of respondent’s oral motion to dismiss is denied.
The second prong of respondent’s oral motion to dismiss is based upon petitioner not serving a termination notice. In September 1975 the Appellate Term, First Department, in the case of Murphy v Relaxation Plus Commodore (83 Misc 2d 838 [1975]), held that a summary proceeding under RPAPL 711 (5) is based on specific statutory authority, Real Property Law § 231, and thus it is not necessary to first terminate the term. The court noted out that the legislative intent in authorizing eviction for such illegal use and occupation of premises is pointedly expressed in RPAPL 715 which in furtherance of the public policy in suppressing such illegal activities even authorizes a tenant within 200 feet of premises where illegal activities are conducted, a law enforcement agency, or a legalized and domestic corporation for suppression of vice to institute summary proceedings as if they were an owner or landlord thereof.
In 1988, in the case of 2312-2316 Realty Corp. v Font (140 Misc 2d 901 [Civ Ct, NY County 1988]), the court determined based on an analysis of the relevant statutes and the Rent Stabilization Code (RSC) that where the illegal activity occurs in a premises subject to rent stabilization an owner must serve a seven-day termination notice pursuant to RSC § 2524.3 (d). This court in its research could find no other reported case, and no other reported case is cited by the parties, involving a rent-stabilized premises wherein the issue of the need for a notice of termination in an illegal use proceeding is addressed. And there *346 the issue remained until July 2001 when the Appellate Term, First Department, in the case of New York City Hous. Auth. v Harvell (189 Misc 2d 295, 296 [2001]), involving a New York City Housing Authority tenancy governed by federal regulations cited 2312-2316 Realty Corp. v Font (140 Misc 2d 901 [1988]), with approval as follows:
“While it has been stated that a termination notice is not generally required to maintain an illegal use proceeding, since such a proceeding is founded upon statutory authority and not the termination of a lease (RPAPL 711 [5]; . . . see Murphy v Relaxation Plus Commodore, 83 Misc 2d 838), this rule gives way where a governing regulatory scheme requires preeviction notice (see, e.g., 2312-2316 Realty Corp. v Font, 140 Misc 2d 901; Rent Stabilization Code [9 NYCRR] § 2524.3 [d]; § 2424.2 [c] [2]).”
Both petitioner and respondent cite this case in their memoranda. Petitioner argues that this case is not controlling authority on the issue as in the Harvell case New York law was preempted by federal law, and that the instant proceeding is different as there is no governing federal law. This court in its reading of the Harvell case does not find its holding so circumscribed. The Appellate Term could have limited its decision to cases involving tenancies governed by federal law and not include the reference to rent-stabilized tenancies, which are tenancies governed by state law only, as an example of a regulatory scheme requiring a preeviction notice. Indeed there was no reason in the case before it for the Appellate Term to cite the 2312-2316 Realty Corp. case, except to show that it was adopting the rationale and analysis contained therein. As the Appellate Term has spoken on this issue, albeit indirectly and by reference, it is clear that it believes that a notice of termination is required in a tenancy subject to rent stabilization. Accordingly, this court is constrained to dismiss this proceeding as no notice of termination was served notwithstanding this court’s finding that the premises was being used for the illegal trade of narcotics.