OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
By notice dated July 29, 2004, the Queens County District Attorney informed landlord that the subject premises had been used in the illegal business of narcotics and that landlord was required, pursuant to RPAPL 715, to initiate eviction proceedings within five days of receipt of the notice. In accordance with RPAPL 715, landlord promptly commenced this proceeding to regain possession on the ground that the premises were used for an illegal business. Tenant Elena Pineda and undertenant Maria Pineda answered, and the matter was adjourned. On the adjourned date, the District Attorney moved to dismiss, admitting that neither tenant and undertenant nor the premises had been involved in any illegal drug activity. The parties and the District Attorney then stipulated to the dismissal of the petition, reserving for the court’s determination a counterclaim for attorney’s fees contained in tenant’s answer. After the submission of memoranda of law, the Housing Court dismissed the counterclaim, ruling that the imposition of attorney’s fees on landlord would be unfair in the circumstances of the case.
We affirm.
Tenant’s claim for attorney’s fees is based on Real Property Law § 234, which provides in pertinent part:
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease . . . there shall be implied *47 in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease.”
As the Court of Appeals stated in Matter of Duell v Condon (84 NY2d 773, 780 [1995]):
“The overriding purpose of Real Property Law § 234 was to level the playing field between landlords and residential tenants, creating a mutual obligation that provides an incentive to resolve disputes quickly and without undue expense. The statute thus grants to the tenant the same benefit the lease imposes in favor of the landlord. An additional purpose ... is to discourage landlords from engaging in frivolous litigation in an effort to harass tenants . . . .”
Although the parties’ lease contains a provision entitling landlord to attorney’s fees in the event of a default by tenant under the terms of the lease, this proceeding was not based on such a default but was commenced by landlord at the direction of the Queens County District Attorney pursuant to RPAPL 715. In the circumstances presented, landlord’s right to attorney’s fees, had landlord prevailed in the proceeding, would have flowed not from the lease but from subdivision (4) of RPAPL 715, which authorizes the court, upon granting a petition pursuant to that section, to order the payment of reasonable attorney’s fees. Neither RPAPL 715 nor Real Property Law § 234 gives the prevailing tenant the reciprocal right to recover attorney’s fees in these circumstances. Nor, in any event, would an award of attorney’s fees against a landlord who was herself required by the District Attorney to commence eviction proceedings further the Legislature’s remedial purpose of effecting mutuality in landlord-tenant litigation or help to deter frivolous litigation 0see generally Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1 [1986]). Accordingly, we hold that the Housing Court properly dismissed tenant’s counterclaim for attorney’s fees.
Pesce, PJ., Weston Patterson and Rios, JJ., concur.