*267 OPINION OF THE COURT
Kevin McClanahan, J.
This is a holdover proceeding commenced pursuant to section 711 (5) of the Real Property Actions and Proceedings Law and section 231 (1) of the Real Property Law. In its petition, petitioner claims that respondents permit the premises to be used for illegal trade or business. Specifically, petitioner claims that drug transactions occur in the premises. The respondents deny these allegations. The petitioner moves to strike the respondents’ demand for jury trial. The respondents oppose the motion and separately move for an order compelling the petitioner to submit a supplemental bill of particulars and, in the alternative, for leave to conduct discovery.
The Jury Demand
Respondents in summary eviction proceedings have a common-law right to trial by jury. (NY Const, art I, § 2; Glass v Thompson, 51 AD2d 69 [2d Dept 1976].) Jury trial in summary eviction proceedings is also authorized by the RPAPL, which provides that trials will be held before a judge unless, “at the time the petition is noticed to be heard, a party demands a trial by jury, in which case trial shall be by jury.” (RPAPL 745 [1].) Standard leases generally contain jury waiver clauses, and jury trial waivers are presumptively valid. (Estate of Greenberg v Schefler, 102 Misc 2d 308 [App Term, 1st Dept 1979].)
Because the right to trial by jury is so fundamental, courts should indulge every reasonable presumption against waiver and should strictly construe juiy waiver clauses. (Aetna Ins. Co. v Kennedy ex rel. Bogash, 301 US 389 [1937]; Barrow v Bloomfield, 30 AD2d 947 [1st Dept 1968].) The general rule is that a jury waiver provision survives the expiration of the lease (Teitler v Tetenbaum, 123 Misc 2d 702 [App Term, 1st Dept 1984]) and is equally binding on undertenants. (Rumiche Corp. v Marsh, NYLJ, Jan. 12, 1981, at 12, col 2 [App Term, 1st Dept].)
In support of the instant motion, the petitioner cites to paragraph 21 of the lease agreement between it and the respondents. The language of the lease waives the right to a trial by jury in any action or proceeding or “any matter whatsoever, arising out of or in any way connected with this lease.” The lease provision also notifies the respondents that the right to a trial by jury is important and that the tenants are “agreeing not to demand a trial by jury.”
The respondents do not deny the waiver provision in the lease. However, they contend that the lease terms are no longer in *268 force and effect by operation of law. The lease being void, any waiver contained therein must also be void. The petitioner counters that although the tenancy is voided by the tenants’ illegal activity, the lease continues to determine the procedural rights of the parties, citing Hudsonview Co. v Jenkins (169 Misc 2d 389 [Civ Ct, NY County 1996]).
Illegal Use Proceedings
Commentators agree that illegal use holdover proceedings are sui generis as they relate to other types of holdovers that are routinely commenced against tenants. In Bel Air Leasing L.P. v Kuperblum (15 Misc 3d 986, 991-992 [Civ Ct, Kings County 2007]), the court observed:
“ ‘Because RPL § 231 (1) terminates a lease automatically, a drug-holdover proceeding is technically not a holdover at all, at least not a typical one. A typical holdover arises from an expired or terminated lease. A drug holdover arises from a landlord-tenant relationship that terminates as a matter of law upon the illegal use of the subject premises.’ ”
The unique nature of illegal use proceedings was recognized in the case of Murphy v Relaxation Plus Commodore (83 Misc 2d 838, 839 [App Term, 1st Dept 1975]). In holding that a landlord is not required to serve a predicate notice terminating the term of the tenancy, the court held that
“[subdivision 1 of section 231 of the Real Property Law is in no way dependent upon the covenants of the lease. There is a difference between a violation of law and a violation of the terms of the lease. The lease being void, the covenants in the lease which relate to preliminary notice as a condition to instituting eviction proceedings have no probative effect.”
Similarly, in New York City Hous. Auth. v Harvell (189 Misc 2d 295 [App Term, 1st Dept 2001]), the court observed that a termination notice was not generally required to maintain an illegal use proceeding since such proceeding is founded upon statutory authority and not the termination of the lease. (See also New York City Hous. & Dev. v Arias, 2 Misc 3d 343 [Civ Ct, NY County 2003].) In construing Real Property Law § 234, which reads into every landlord/tenant lease the reciprocal right of the tenant to be awarded attorney’s fees, the court held in White v Pineda (12 Misc 3d 45, 47 [App Term, 2d Dept 2006]) that
“although the parties’ lease contains a provision *269 entitling landlord to attorney’s fees in the event of a default by tenant under the terms of the lease, this proceeding was not based on such a default but was commenced by landlord at the direction of the Queens County District Attorney ... In the circumstances presented, landlord’s right to attorney’s fees, had landlord prevailed in the proceeding, would have flowed not from the lease but from subdivision (4) of RPAPL 715 .. . Neither RPAPL 715 nor Real Property Law § 234 gives the prevailing tenant the reciprocal right to recover attorney’s fees in these circumstances. ’ ’
Instructive on the issue before this court is the case of Barrow v Bloomfield (30 AD2d 947 [1st Dept 1968]), which involved an action by a statutory tenant for malicious prosecution. The defendant asserted a jury waiver provision contained in the initial lease which had expired. The court held that the provision was projected into the statutory tenancy and was designed to apply to matters arising out of the lease or out of the occupancy of the premises. However, in denying defendant’s motion to strike the action from the general jury calendar, that court held that “[t]he present action is not for damages arising out of the lease or even foreseeably resulting from plaintiffs occupation of the leased premises, but is based upon an unrelated tort of malicious prosecution” (id. at 947).
Application of the Law
The appellate courts have made a clear distinction between a cause of action arising from contract and one originating from statute. Real Property Law § 231 does not just terminate the tenancy but the illegal trade makes the lease voidable at the option of the landlord. (220 W. 42 Assoc, v Cohen, 60 Misc 2d 983 [App Term, 1st Dept 1969].) Upon commencement of the illegal use holdover proceeding, the landlord elects to void the lease with the tenant. Once voided, the lease is ineffectual and nugatory, having no legal force or binding effect and is incapable of being enforced by law. (Black’s Law Dictionary 1604 [8th ed 2004].) As explained by the Appellate Term, the lease being void, the covenants in the lease which relate to preliminary notice as a condition to instituting eviction proceedings have no probative effect. (Murphy v Relaxation Plus Commodore, supra.)
If the provisions in a lease requiring the service of a predicate notice to terminate a lease and to commence an eviction proceeding have no probative effect, it is axiomatic that the pro *270 vision waiving a trial by jury is also ineffectual and without binding effect. In the instant case, when the petitioner elected to commence this illegal use proceeding, it voided the lease with the respondents. Thus, all of the covenants contained therein were rendered unenforceable, including the provision waiving the tenants’ right to a trial by jury.
In support of its motion to strike the jury demand, the petitioner cites Hudsonview Co. v Jenkins (169 Misc 2d 389, 391 [1996]), wherein that court opined that “[although the tenancy is voided by the tenant’s illegal activity . . . the lease continues to determine the procedural rights of the parties, in the same way that the terms of an expired lease project into a holdover tenancy.” This court is not persuaded by this analysis for several reasons.
First, the language is dicta. In Hudsonview Co., the legal question before the court was whether the equitable defense of waiver warranted the dismissal of an illegal use proceeding. The contractual rights of the parties were not implicated, but rather the legal implications of petitioner’s actions after notice of the illegal use of the premises.
Second, the court’s analysis was rejected by the appellate court in Barrow v Bloomfield. While acknowledging that the terms of an expired lease projected into a statutory tenancy, it held that when the cause of action does not arise out of the lease or the occupancy of the premises, the jury waiver clause or other lease provision was not enforceable. The illegal use of the subject premises is a violation of law and not a violation of the terms of the lease. (Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [1975], supra.)
Third, the distinction between substantive and procedural rights is untenable and misses the point. Whether the right to a jury trial is categorized as procedural or substantive, it is a right that is so fundamental that courts must indulge every reasonable presumption against waiver. Where, as here, the lease covenant waiving the right is void as a matter of law, it cannot serve to deny the respondents their right to a jury trial.
Accordingly, the court hereby denies the petitioner’s motion to strike the respondents’ demand for a trial by jury.
The Cross Motion
The court denies the cross motion to compel service of a supplemental bill of particulars and for discovery. Questions 2, 6, and 7 are not applicable to the instant proceeding. Here, the *271 petition alleges that the respondents used the subject premises for the sale of controlled substances. Thus, evidence related to the use of public areas is not germane to this illegal use holdover proceeding. Moreover, the exhibits attached to the petition clearly identify the other persons alleged to have been involved with the illegal use of the apartment. Finally, the court does not find that the respondents have established a compelling and particularized need for discovery that outweighs a presumption of confidentiality. (Melendez v City of New York, 109 AD2d 13 [1st Dept 1985].)