■ PROMISE PREP ACADEMY, Respondent, v JAZ, LLC, et al., Appellants, et al., Defendant. [41 NYS3d 70]—

In an action, inter alia, to recover damages for fraud in the inducement, the defendants JAZ, LLC, Jordan S. Zuckerman, and Michelle Zuckerman appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered October 14, 2014, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, to strike the plaintiff's demand for a jury.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as lessee, and the defendant JAZ, LLC (hereinafter JAZ), as lessor, entered into a lease for certain premises in Queens, which the defendants Jordan S. Zuckerman and Michelle Zuckerman signed on behalf of JAZ. Paragraph R-17 of the lease provided that if any governmental authority declared that the premises were being used in violation of zoning ordinances or building codes, the lessor would provide written notice and the lease would "be declared null and void." In June 2007, the New York City Department of Buildings issued a notice of violation and hearing and a peremptory vacate order, both of which alleged that the leased premises were being used in violation of the certificate of occupancy. In September 2007, JAZ issued to the plaintiff a five-day notice of termination of lease, which provided that, pursuant to paragraph R-17, the lease would be terminated in five days and declared null and void.

The plaintiff thereafter commenced this action against, among others, the defendants JAZ, Jordan S. Zuckerman, and Michelle Zuckerman (hereinafter collectively the defendants) to recover damages for, inter alia, fraud in the inducement. The plaintiff alleged that at the time the lease was executed, the defendants knew that the plaintiff's intended use of the premises was in violation of the certificate of occupancy, and that the defendants intentionally withheld this information.

The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, to strike the plaintiff's jury demand. The Supreme Court, among other things, denied those branches of the defendants' motion.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants established their prima facie entitlement to judgment as a matter of law by submitting a copy of the lease, which provided that the plaintiff, as lessee, was responsible for determining whether the intended use for the premises was permitted, and JAZ did not represent, warrant, or guarantee that the lessee's use and occupancy of the premises was lawful or permissible under the relevant zoning ordinances. In opposition, however, the plaintiff raised a triable issue of fact. As the Supreme Court correctly found, the notice of termination of lease, which the plaintiff submitted in opposition to the motion, demonstrated that the lease was not controlling in this action because it had been declared null and void pursuant to paragraph R-17. The parties' use of the phrase "null and void" in paragraph R-17 demonstrated that if the defendants exercised their rights under that paragraph, the lease would not simply terminate, but would have no legal or binding force, as that is the meaning of "null and void" (see *2475 Hughes Ave. Realty Corp. v Gonzalez*, 28 Misc 3d 266, 269 [Civ Ct, Bronx County 2010]; Black's Law Dictionary [10th ed 2014], null, void). Had the parties intended instead to end the lease under paragraph R-17, they could have specified that upon a violation under that paragraph, the defendants could terminate the lease (see *172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 532 [2014]; *Elm Realty Assoc., LLC v Leben, LLC*, 22 AD3d 790, 793 [2005]; Black's Law Dictionary [10th ed 2014], terminate). Thus, the plaintiff raised a triable issue of fact with respect to the defendants' contention that the plaintiff had an obligation to determine if its use of the premises was permissible. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The defendants' remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.